## UNITED STATES v. WILSON.

### No. 39.

District Court, D. Delaware.

Jan. 16, 1942.

Stewart Lynch, U. S. Atty., of Wilmington, Del., for the United States.

H. Albert Young, of Wilmington, Del., for defendant.

WATSON, District Judge.

This case involves a record similar to that in United States v. John Foote, 42 F.Supp. 717, wherein I have this day filed an opinion, except that here the Defendant further contends that his constitutional right against self incrimination has been violated.

The record shows that in response to a subpoena, the Defendant appeared and testified before a grand jury and that the indictment returned in this case was based in part on this testimony. The Defendant did not claim his constitutional privilege

to refrain from giving testimony against himself nor was he advised of this constitutional privilege.

It is well settled that the appearance of a witness before a grand jury in response to a subpoena does not constitute a violation of his constitutional right against self-incrimination even though the witness is later indicted by the same grand jury. O'Connell v. United States, 2 Cir., 40 F.2d 201; Mulloney v. United States, 1 Cir., 79 F.2d 566; United States v. Wetmore, D.C., 218 F. 227, 229; United States v. Kimball, C.C., 117 F. 156.

The only question which remains is, whether the Defendant must be advised of the constitutional privilege secured to him by the Fifth Amendment. The answer to this question is well stated in Thompson v. United States, 7 Cir., 10 F.2d 781, 784 that, "While the government may practice no deception, fraud, or duress upon the accused in order to obtain possession of evidence, it was not required to advise him of his right to claim (or his right to waive) the protection guaranteed under the Fifth Amendment." The Defendant in the case here under consideration has failed to show any deception, fraud, or duress upon the part of the government and, consequently, his contention must be refused.

It is ordered that the plea in abatement filed in the above entitled case is hereby dismissed, and the motion to quash the indictment is hereby denied.