**UNITED STATES v. RAINEY.**

No. 17792.

United States District Court
W. D. Missouri, W. D.

Aug. 8, 1950.

432

Sam M. Wear, U. S. Atty., Kansas City, Mo., John H. Mitchell and Vincent P. Russo, Sp. Assts. to Atty. Gen., for plaintiff.

Holland & Maitland, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed one motion to dismiss the indictment, another for a bill of particulars, and a third "For Bill of Discovery and Inspection." These several motions have been examined and will be considered in their order.

1. The indictment conforms to Rule 7, Federal Rules of Criminal Procedure, 18 U. S.C.A. It is provided by paragraph (c) of said Rule 7 that: "The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The indictment in this case charges the defendant with violating Section 145, Title 26 U.S.C.A., relating to the general subject of Income Tax. Each count of the indictment charges the defendant with a willful attempt to evade and defeat the tax imposed by the Chapter of which said section is a part. The three counts of the indictment cover the years 1946, 1947 and 1948. The indictment cited Section 145 (b) of said Title 26, as required by said Rule 7, and the particular statute which the defendant is alleged to have violated.

An examination of the section or paragraph shows that some of the language of the indictment is precisely drawn in conformity with the provision. Other language of the indictment might be found in paragraph (a) of said Section 145. However, it is specifically provided by said Rule 7(c) that: "Error in the citation or its omission shall not be ground for dismissal of the indictment * * *."

The indictment is not vague or indefinite but it informs the defendant that

his income tax returns for the years mentioned were less than his actual income and the indictment informs him what his actual income was for each year. The defendant, of course, is familiar with his actual return and by this indictment and in each count thereof he is informed or advised what his actual return should have been.

■ As a further ground for the dismissal, the defendant asserts that he was subpoenaed before the grand jury returning the indictment and that he was then and there interrogated regarding his income for the years set out in the indictment. He invokes the provisions of the Fifth Amendment to the national Constitution. It does not appear that he stood on his constitutional rights, and, as said in United States v. Johnson, D. C., 76 F.Supp. 538, loc. cit. 540: "The privilege against self-incrimination is neither accorded to the passive resistant, nor the person who is ignorant of his rights, nor to one indifferent thereto. It is a fighting clause. Its benefits can be retained only by sustained combat. It cannot be claimed by attorney or solicitor. It is valid only when insisted upon by a belligerent claimant in person." See also memorandum opinion filed in this court on August 2, 1950, in the case of United States v. Mangiaracina, 92 F.Supp. 96, and the cases therein cited.

The motion to dismiss should be and will be overruled.

■■ 2. The motion of the defendant for a bill of particulars involves a request for the details of the income which the indictment charges that the defendant actually received. Undoubtedly he is familiar with the income as returned by him for the several years under consideration. As has been repeatedly held, the office of a bill of particulars in criminal prosecutions is to give the adverse party information which the pleadings by reason of their generality do not give. Its purpose is to enable the accused to prepare his defense and to avoid surprise at the trial; to plead his acquittal or conviction in bar of another prosecution for the same offense, and to compel the prosecution to observe certain limitations in offering evidence. It is not the function of the bill to furnish the accused with the evidence of the prosecution. 42 C.J.S., Indictments and Informations, § 156, p. 1092.

■ It is obvious from a reading of the indictment that the accused would not be imperiled or put in jeopardy by a second prosecution. The indictment is clear and concise and simply charges him with evading his income tax for the years named. The only other question would be whether he might be surprised by evidence offered by the government. In this particular, the burden is upon the government to establish by evidence beyond a reasonable doubt that he actually received an income greater than that claimed on his income tax returns. It is difficult to see wherein the accused would be surprised by such testimony. If he did not receive such income as asserted in the indictment, undoubtedly he could establish that fact and defeat the government's effort to prove that he did. If any particular item proved by the government as having been received by the accused was not in fact an income to the accused, then it would be a simple matter for him to explain such income if received or to rebut it if he did not receive it. It is held by practically all of the authorities that the granting of a bill of particulars is within the sound discretion of the trial court. See Himmelfarb v. United States, 9 Cir., 175 F.2d 924, loc. cit. 934 and 935. It is to be noted in the Himmelfarb case, supra, the court granted a bill of particulars in certain respects but the implication of the opinion is that the trial court might properly have refused to do so. The accused in that case had asked for "'the items, sums, figures and facts showing the basis of the alleged income and income tax and the sums from which the Government derived such facts, items, and figures from which it made its calculations'". In this case the defendant asks whether the income charged by the government represents a single item of undeclared net income and then the defendant asks for the date, the place, the nature of the transaction, and the source or persons from whom the defendant received the income. This would, of course, be setting forth evidence of the government, and, as stated, it is the rule that "it is not the function of the bill to furnish accused with the evidence of the prosecution." The

**434**

motion for a bill of particulars, in like manner, should be and will be overruled.

■ 3. The last motion is entitled "Motion of Defendant for Bill of Discovery and Inspection." It is alleged in the motion that the figures, bills, work sheets and other tangible property in the possession of the government belonged to the defendant and that they were seized by the government and that the use of them would be material in the preparation of his defense. It would appear that if these were in fact books, documents, material or other data taken from the accused, then he should be permitted, through his counsel, to inspect such papers or other tangible objects so seized and be permitted to make photographs of them. An order to that effect will be made, but such order will be limited to material actually taken from the possession of the defendant. Such procedure is authorized by Rule 16, Federal Rules of Criminal Procedure.