**UNITED STATES v. BOYER.**

**Cr. No. A–6530.**

United States District Court
N. D. West Virginia, Fairmont Division.

Oct. 7, 1952.

Howard Caplan, U. S. Atty., and H. Clare Hess, Asst. U. S. Atty., of Fairmont, W. Va., for plaintiff.

Furbee & Hardesty, Fairmont, W. Va., for defendant.

WATKINS, District Judge.

The indictment charges the defendant with violating Section 145(b), Title 26 U. S.C.A., by wilfully attempting to defeat and evade the payment of his income taxes for the years 1946–1947 and 1948. The defendant made a motion for a bill of particulars, and a bill of particulars was furnished by the government. Defendant complains that the indictment itself and the bill of particulars are still not sufficient.

The indictment informs defendant that his income tax return for the year 1946 was false and fraudulent in that it stated his net income to be $5,215.13, and that the amount of tax due thereon to be the sum of $851.13, whereas he then knew his net income to be $37,855.81 upon which net income he owed an income tax of $16,647.78. The indictment gives the same information for the years 1947 and 1948. Of course the defendant is familiar with his actual returns, but each count of this indictment informs and advises him what his actual return showed, and then tells him what it should have shown as to both income and tax.

The defendant has asked for the details of his income such as the source, payors, nature and character of the items of income. Defendant even asks the government to state in a bill of particulars all the facts upon which it will rely to show failure to report all income and to show wilfulness. This would require a summary of all the evidence. It is not the function of a bill of particulars to furnish the accused with the evidence of the prosecution. 42 C.J.S., Indictments and Information, § 156, p. 1092. The function of a bill of particulars in a criminal prosecution is to give the defendant information which the pleadings, by reason of their generality, do not give him. The purpose of a bill of particulars is to enable the accused to plead his acquittal or conviction in bar of another prosecution for the same offense; to enable the accused to prepare his defense and to

avoid surprise at the trial. United States v. Rainey, D.C.W.D.Mo., 10 F.R.D, 431, 433.

■ The indictment is clear and concise, and it is obvious that, without any bill of particulars the accused could not be put in jeopardy by a second prosecution. The only remaining question is whether he might be surprised by evidence offered at the trial. As stated by Judge Reeves in United States v. Rainey, supra:

"The only other question would be whether he might be surprised by evidence offered by the government. In this particular, the burden is upon the government to establish by evidence beyond a reasonable doubt that he actually received an income greater than that claimed on his income tax returns. It is difficult to see wherein the accused would be surprised by such testimony. If he did not receive such income as asserted in the indictment, undoubtedly he could establish that fact and defeat the government's effort to prove that he did. If any particular item proved by the government as having been received by the accused was not in fact an income to the accused, then it would be a simple matter for him to explain such income if received or to rebut it if he did not receive it."

But here the government has furnished a bill of particulars giving many, many details. It states that it will rely upon the "net worth" being the "expenditure method" as the basis for determining defendant's income and will prove numerous expenditures by defendant substantially in excess of his declared net income for each year in question. The bill of particulars then proceeds to give a break-down of defendant's expenditures for each year. For example, for the year 1946 under the heading "Increase in Assets" are listed: "Increase in notes and loans receivable $15,-000.00; purchase of truck $1,250.00; purchase of real estate $42,800.00; increase in amusement machines and equipment $12,813.49. Total assets increased $71,863.-49." From this is deducted "Assets Decreased and Liabilities Increased", composed of the following items: Decrease in bank balance $646.15; increase in accrued taxes $62.50; increase in notes payable $30,000; increase in depreciation reserve $4,248.93, making a total Decrease in Assets and Liabilities Increased during that year of $36,905.91. The bill of particulars then gives the adjustments taken into account by the government, giving the type and amount of each, such as living expenses and income tax payments. The figures and calculations are then set forth in detail as to just how the figure of $32,-640.68 of unreported income was reached for that year. Similar figures are given for 1947 and 1948. It will thus be seen that the government has given many details and facts which are not generally furnished a defendant. It is not the purpose of a bill of particulars to furnish evidence of the prosecution.

But there is another reason why the indictment and bill of particulars furnished are adequate. The defendant has had and still has his books and records in his own possession. From these it would seem clear that he could easily calculate his receipts and expenditures and thus ascertain the amount of his income. This is especially true of defendant's request to be informed as to his net worth at the beginning of 1946. The general rule is that particulars such as these will not be furnished when the one seeking them is in possession of such facts, or in possession of the means of ascertaining them.

For the reason stated the government will not be required to furnish a further bill of particulars.