**UNITED STATES v. SCULLY et al.**

United States District Court,
S. D. New York.
March 5, 1954.

226

J. Edward Lumbard, U. S. Atty., Washington, D. C., James B. Kilsheimer, III, Asst. U. S. Atty., New York City, of counsel.

James S. Regan, Jr., New York City, for defendant Patrick J. Scully.

GODDARD, District Judge.

Motion to dismiss the indictment against the defendant, Scully, for failure to warn him of his constitutional rights under the Fifth Amendment when he appeared before the grand jury.

On or about December 14, 1953, the defendant, Scully, was served with a subpoena to appear before the grand jury on December 17, 1953. Pursuant to the subpoena, he appeared and testified without claim of privilege. He says that he had not consulted an attorney at the time, and that he was not advised of his constitutional privilege of refraining from incriminating himself.

At the time he appeared on December 17, 1953, the case was conducted as a John Doe proceeding to determine (a) whether a crime had been committed and (b) if so, who was responsible for it. Scully was not in custody, nor was any criminal charge pending against him at the time.

After his testimony of December 17, 1953, through an attorney, he requested an opportunity to reappear before the grand jury and give further testimony. This was granted and he reappeared on December 29, 1953 and testified.

An indictment was filed against him by the grand jury on January 19, 1954, charging Scully, with others, of conspiracy to defraud the United States.

It is well-settled that the appearance of a witness before the grand jury in response to a subpoena does not constitute a violation of his constitutional rights against self-incrimination even though the witness is later indicted by the same grand jury. United States v. Wilson, D.C., 42 F.Supp. 721; Kaplan v. United States, 2 Cir., 1925, 7 F.2d 594, at page 597; United States v. Pleva, 2 Cir., 1933, 66 F.2d 529.

■■ Defendant seeks to rely upon my recent decision in United States v. Lawn, D.C., 115 F.Supp. 674. But that case is to be distinguished. In that case, the defendants were already named in criminal informations outstanding against them when they were compelled to testify before the grand jury about that very matter with which they were charged. In this case, there was no charge pending against Scully. Although he claims that he was a suspect, criminal proceedings against a particular individual cannot be said to be instituted until a formal charge is openly made against the accused, either by indictment presented or information filed in court, or, at least, by complaint before a magistrate. Mulloney v. United States, 1 Cir., 1935, 79 F.2d 566, at page 579. Therefore, Scully must rest his claim of privilege on the rights of a witness, not a party. United States v. Price, C.C., 163 F. 904, 906.

■ As a witness, he was subject to call and only had the right of any witness to decline to give answers which might tend to incriminate him. United States v. Benjamin, 2 Cir., 1941, 120 F.2d 521. The claim that it was a violation of constitutional rights to call a witness before the grand jury because its investigation, though ostensibly general, was in reality an attempt to secure evidence from his own mouth upon which to indict him, was rejected by the court in O'Connell v. United States, 2 Cir., 1930, 40 F.2d 201, at page 205. As the court stated therein:

> "Were it otherwise, any suspect would be sacrosanct, and witnesses most likely to know the facts could refuse any aid to an investigation of the crime."

It was aptly remarked by the court in United States v. Kimball, C.C., 117 F. 156, at page 168, that:

> " * * * grand juries are privileged to seek for information from persons most likely to be conversant with the matter under investigation, and are not compelled warily and assiduously to shun such persons, lest it happen that an indictment should in the end be found against them."

There are no circumstances here from which the court can find, or presume, that Scully testified under compulsion. No charge was pending against him. He testified without claim of privilege. Indeed, his second appearance before the grand jury was at his request. He was not denied opportunity to consult counsel before his appearance, but he did not do so before he first testified.

■ The weight of authority holds that the government, while it may practice no deception, fraud, or duress upon a witness to obtain evidence, is not required to advise him of his right to claim [or his right to waive] the protection guaranteed under the Fifth Amendment. Thompson v. United States, 7 Cir., 1926, 10 F.2d 781; Pulford v. United States, 6 Cir., 1946, 155 F.2d 944, at page 947; United States v. Wilson, supra.

Motion denied. Settle order on notice.