UNITED STATES of America,

v.

**Hyman Harvey KLEIN, Isidor J. Klein, Albert McLennan, George Norgan, Ellis Rosenberg, Maurice Haas, Irving A. Koerner, Morris O. Alprin and Albert Roer, Defendants.**

United States District Court,
S. D. New York.

Sept. 30, 1954.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City, Thomas W. Hill, Jr., Asst. U. S. Atty., New York City, of counsel, for United States.

E. Gayle McGuigan, New York City, for defendant Hyman Harvey Klein.

Michael Kaminsky, New York City, F. Joseph Donohue and Abraham S. Goldstein, Washington, D. C., of counsel, for defendants Morris O. Alprin and Maurice Haas.

Samuel Becker, New York City, Greenman, Shea, Sandomire & Zimet and Frederick F. Greenman, New York City, of counsel, for defendant Irving A. Koerner.

Barr & Barr, New York City, Jerome H. Barr, New York City, of counsel, for defendant Albert Roer.

PALMIERI, District Judge.

Defendants Haas, Alprin, Roer and Koerner were subpoenaed to appear and testify before a grand jury that subsequently indicted them. They were charged in a five count indictment with three substantive attempts to evade taxes and two conspiracies, one to evade tax, and the other to defraud the Government

in the exercise of a governmental function, namely, the assessment and collection of income taxes. The United States Attorney who questioned them before the grand jury did not inform them that the Fifth Amendment to the Constitution of the United States gave them the privilege to refuse to answer questions which might incriminate them. Although Government counsel states that these defendants appeared before the grand jury without any compulsion whatever because none of them was served personally, I shall assume, for the purposes of the motions before me, that they appeared and testified before the grand jury under the compulsion of subpoenas. All of the named defendants claim that because of the foregoing facts their rights under the Fifth Amendment were violated; Haas and Alprin claim further that their rights under 18 U.S.C. § 3481 were violated; and on these grounds the named defendants move to dismiss the indictment.

▇ Defendants seek to bring themselves within the compass of the cases that state that a defendant in a criminal case cannot be compelled to testify before a grand jury on matters pertaining to that case. See United States v. Lawn, D.C.S.D.N.Y.1953, 115 F.Supp. 674. But these cases are not applicable because defendants were not charged with the commission of any offense against the United States when they appeared before the grand jury. At that time defendants were witnesses, and although it was probable that the grand jury would, as it did, subsequently indict them, they are not entitled to the protection that is afforded a defendant. United States v. Scully, D.C.S.D.N.Y.1954, 119 F.Supp. 225. Therefore, defendants' rights were not violated when they were subpoenaed to appear and testify before a grand jury; United States v. Scully, supra; United States v. Wilson, D.C.Del.1942, 42 F.Supp. 721; and if they desired the protection of the privilege, they should have claimed it. See United States v. Monia, 1943, 317 U.S. 424, 427, 63 S.Ct. 409, 87 L.Ed. 376; United States ex rel.

Vajtauer v. Commissioner of Immigration, 1927, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560.

▇ Defendants urge upon the Court that when persons who are likely to be indicted are called as witnesses before a grand jury, the United States Attorney should be required to inform them of their privilege under the Fifth Amendment. Cf. Federal Rules of Criminal Procedure, rules 5(b) and 40(b)(2), 18 U.S.C.A. However, defendants (two of whom are lawyers and all of whom were represented by counsel) do not claim that they were ignorant of the privilege, and that if they had known of it they would not have answered the questions put to them. They have failed to make any showing of fraud, duress, or deception on the part of the Government which they contend resulted in their testifying before the grand jury. It is clear that under such circumstances, a United States Attorney is not required to inform a grand jury witness who is under suspicion of his privilege. Powers v. United States, 1912, 223 U.S. 303, 32 S. Ct. 281, 56 L.Ed. 448; United States v. Scully, supra; United States v. Wilson, supra; see Wilson v. United States, 1896, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Pulford v. United States, 6 Cir., 1946, 155 F.2d 944, 947–948; 8 Wigmore on Evidence § 2269 (3d ed. 1940). The defendants have placed great emphasis upon the statement of the Assistant United States Attorney, made upon the argument of these motions, to the effect that at the time of the grand jury proceedings, he believed that there was a strong possibility that information the Government then had in its possession would lead to the indictment of the defendants Haas and Alprin. But it is quite apparent that the defendants and their counsel were well aware of this possibility. Moreover, the applicable rules of law are not affected by the state of mind of Government counsel.

▇ Nor can I conclude on the basis of the affidavits before me that the defendants were in any way overreached or that substantial justice was frustrated.

It would seem that, far from being deprived of their rights, the defendants have sedulously availed themselves of their rights at every stage of the proceedings. Having failed to invoke the privilege under the Fifth Amendment in good time, they cannot be heard to say that they would now decide otherwise and that the indictment should be dismissed upon their tardy assertion of privilege.

With respect to the defendants' motions for bills of particulars, they must, except to the extent consented to by the Government, be denied. The defendants have made a large number of demands pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. These demands are in many instances repeated by the five named defendants whose motions are before me. No useful purpose can be served by reciting the numerous demands.

All five named defendants seek to compel the Government to disclose the nature and source of income and computations of tax. The Government has already complied with this demand. In accordance with my direction upon the oral argument of the motions for bills of particulars, the United States Attorney has submitted to me the details of the nature, source and amount of the income on which it is alleged in the indictment a tax was due to the United States; the amount of the tax is set forth; and there is also furnished that portion of the Federal income tax return of the defendant Hyman Harvey Klein which is alleged to be false. Furthermore, the Government has set forth those portions of the 1952 Federal income tax returns of defendants Alprin and Koerner and of the 1950 return of Roer which are alleged to be false. This information has been communicated to the defendants.

 It is my opinion that by this disclosure, the defendants have obtained all the information to which they are properly entitled. I am mindful that the purposes of a bill of particulars are (1) to obviate surprise at a trial and enable the defendant to prepare his defense and (2) to permit him to plead double jeopardy in the event of subsequent prosecution for the same offense. United States v. Foster, D.C.S.D.N.Y.1948, 80 F.Supp. 479, 486. But the administration of justice does not require the Government to disclose its evidence prior to trial in a bill of particulars, United States v. Flynn, D.C.S.D.N.Y.1951, 103 F.Supp. 925, 932. To compel disclosure of many of the items sought by the defendants would be tantamount to compelling a premature disclosure of the Government's case and would constitute an encroachment upon the functions of the trial court. Cf. United States v. Krulewitch, 2 Cir., 1944, 145 F.2d 76, 156 A.L.R. 337; United States v. Cohen, 2 Cir., 1944, 145 F.2d 82, 92. Moreover, many of the requests for disclosure made by the defendants are, in effect, requests to ascertain the theory of the prosecution's case. But I know of no authority permitting an exploration of the theory of the Government's case in advance of trial. Many of the statements made by the defendants in their oral arguments and in their numerous briefs are essentially based upon the desire to avoid the inconvenience incident to the preparation for trial of a criminal tax case involving very large sums of money and covering a period of several years. But if the prospect of trial appears burdensome, it is attributable to the defendants themselves and to their methods of doing business. The defendants are familiar with their own transactions. Upon all of the facts and circumstances alluded to upon the arguments and in the affidavits, it is my opinion that the defendants are not entitled to any disclosures other than the ones already provided pursuant to my direction. See Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

 Defendants' motions under Rule 7(d) of the Federal Rules of Criminal Procedure, to strike as prejudicial surplusage certain allegations and overt acts under the Fourth Count of the indictment, must be denied. A motion

made pursuant to this rule will be granted only where it is clear that the allegation complained of is not relevant to the charge contained in the indictment and is inflammatory and prejudicial. See United States v. New York Great Atlantic & Pacific Tea Company, 5 Cir., 1943, 137 F.2d 459. In the instant case the allegations concerning Office of Price Administration controversies in which the defendants were previously involved are relevant because the Government charges that the defendants were engaged in manipulating OPA regulations for the purpose of perpetrating the criminal tax violations charged in the indictment.

■ The motion to dismiss Count Five of the indictment, the second of the two conspiracy counts, must also be denied. This count charges that the defendants " * * * did unlawfully, wilfully and knowingly combine, conspire, confederate and agree together and with each other * * * to defraud the United States in the exercise of its governmental functions in the assessment and collection of income taxes imposed by law and in the management of the revenue, in that the defendants attempted to conceal and continued to conceal the nature of their business activities and the source and nature of their income."

The defendants argue that facts sufficient to constitute an offense against the United States have not been alleged, that the allegation is duplicitous and uncertain, and that the allegation is so vague as to violate the Sixth Amendment of the Constitution.

This count is based upon Title 18 U.S.C. § 371, which makes it a crime to " * * * conspire either to commit any offense against the United States, or to defraud the United States * * * ". The second part of this disjunctive phrase is of broad import and contemplates wrongs other than conspiracies to commit offenses against the United States which are defined by statute. See Hammerschmidt v. United States, 1924, 265 U.S. 182, 188, 44 S.Ct. 511, 68 L.Ed. 968; Haas v. Henkel, 1910, 216 U.S.

462, 479–480, 30 S.Ct. 249, 54 L.Ed. 569; Curley v. United States, 1 Cir., 1904, 130 F. 1, 8–9.

The defendants conceded upon oral argument that an offense is sufficiently alleged in Count Five if the last twenty-five words of the first paragraph were omitted. But, the argument runs, since these words—"in that the defendants attempted to conceal and continued to conceal the nature of their business activities and the source and nature of their income"—were added, the entire count is rendered insufficient and must be struck down because they supersede all that precedes them and are not sufficient in themselves to constitute a charge of conspiracy. I think the argument is based upon a distortion of plain language.

In view of the very broad meaning given to the words of the statute "or to defraud the United States", it is clear that a concealment of business activities and the source and nature of income by the defendants as part of their conspiracy can be deemed to constitute a defrauding of the Government in the exercise of an important and essential government function, namely, the assessment and collection of taxes. See Curley v. United States, supra, 130 F. at page 9; United States v. Stone, 3 Cir., 1905, 135 F. 392.

■ Finally, the motions to dismiss the Fourth Count on the ground that it charges the same offense as that charged by the First, Second and Third Counts of the indictment or, in the alternative, to compel the United States to elect between the first three counts and the fourth count, must be denied. The first three counts, as has been already indicated, charge substantive offenses whereas the fourth count charges a conspiracy. A substantive offense is separate and distinct in law from a conspiracy offense even though both may relate to the same transaction or stem from the same facts. They can form part of the same indictment and a defendant cannot, on that account, complain of duplicity or compel an election by the Government. Pereira

v. United States, 1954, 347 U.S. 1, 11–12, 74 S.Ct. 358.

The Clerk of the court will be directed to place this case upon the Criminal Trial Calendar for October 11, 1954, so that a suitable trial date can be fixed.