**UNITED STATES of America**

**v.**

**Maurice HAAS, Defendant.**

**UNITED STATES of America**

**v.**

**Arthur GOLD, Defendant.**

United States District Court,
S. D. New York.

Dec. 14, 1954.

J. Edward Lumbard, U. S. Atty., New York City, for United States. Thomas W. Hill, Jr., Asst. U. S. Atty., New York City, of counsel.

F. Joseph Donohue, Washington, D. C., Michael Kaminsky, New York City, for defendants Haas and Gold. Abraham S. Goldstein, Washington, D. C., of counsel.

WEINFELD, District Judge.

The defendant Haas moves to dismiss an indictment charging him with perjury on the ground that he was compelled to testify before the Grand Jury which returned it in violation of his privilege against self-incrimination under the Fifth Amendment of the Constitution. The motion rests on the claim that Haas was served with a subpoena compelling his appearance and testimony before the Grand Jury and that he was not informed of his rights under the Fifth Amendment. The same Grand Jury which returned the perjury indictment now under attack, also returned an indictment against Haas and others charging income tax and conspiracy violations towards which its initial inquiry had been directed. Haas and his co-defendants moved to dismiss the income tax and conspiracy indictment on the ground that he was a potential defendant at the time he was subpoenaed to testify, which fact was known to the United States Attorney; he was not informed of his privilege against self-incrimination and that his compelled testimony violated his constitutional rights. This motion was

denied by Judge Palmieri,[1] who held that he appeared before the Grand Jury as a witness and so was not entitled to the protection afforded a defendant.

█ The issue presented on this motion falls within a much narrower compass than the prior motion to dismiss the income tax and conspiracy indictment. There, Haas, although subpoenaed as a witness, was clearly a prospective defendant by reason of past acts. Here, his prosecution could result only from a perjurious statement not in existence at the time he had been subpoenaed before the Grand Jury. He could only become a defendant by reason of his conduct before the Grand Jury. Thus, at the time he was summoned as a witness before the Grand Jury he was not a defendant, either actual or potential, in an indictment, information or complaint charging perjury. As a witness he was subject to subpoena and questioning before the Grand Jury.[2] In this posture of the case the United States Attorney was under no duty to advise him, in his capacity as a witness, of his privilege against self-incrimination.[3] Neither was there a duty to warn him not to commit perjury or, conversely, to direct him to tell the truth.[4] Finally, the defendant was represented by counsel prior to his appearance before the Grand Jury, and he does not claim that he testified in ignorance of his privilege.[5] There is no basis to support any claim of fraud, duress, or deception as a result of which the testimony was given.[6] It appears he testified voluntarily and if any questions tended to incriminate him, the privilege should have been asserted with respect to each such question.[7]

The motion to dismiss the indictment is denied.

█ The defendant Haas and the co-defendant, Arthur Gold, make substantially similar motions for bills of particulars, asserting that the items requested are necessary for the proper presentation of their respective defenses. While the indictments generally meet the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., they contain some ambiguity as to the nature of the falsehoods allegedly sworn to before the Grand Jury. In order to prevent surprise upon the trial, the information requested by defendant Haas in item 2 should be furnished, and as to item 3 his motion is granted to the following extent: "State whether it is alleged that Frank J. Singer and 'Windrom' are the same or different persons." With respect to paragraph 5 of the indictment against defendant Gold, the government should set forth: (a) the true and legal name of the person who it will be alleged was in fact introduced by Haas to the defendant Gold; (b) the alias or other name by which said per-

1. United States v. Klein, D.C.S.D.N.Y., 124 F.Supp. 476.

2. O'Connell v. United States, 2 Cir., 40 F.2d 201; Mulloney v. United States, 1 Cir., 79 F.2d 566, 577–580; United States v. Scully, D.C.S.D.N.Y., 119 F.Supp. 225.

3. United States v. Benjamin, 2 Cir., 120 F. 2d 521; Pulford v. United States, 6 Cir., 155 F.2d 944; Thompson v. United States, 7 Cir., 10 F.2d 781; United States v. Kimball, C.C.S.D.N.Y., 117 F. 156; United States v. Wilson, D.C.D.Del., 42 F.Supp. 721. But cf. United States v. Bell, C.C.W.D.Tenn., 81 F. 830; United States v. Edgerton, D.C.Mont., 80 F. 374.

4. Claiborne v. United States, 8 Cir., 77 F.2d 682, 690; United States v. Miller, D.C.E.D.Pa., 80 F.Supp. 979, 982; United States v. Thomas, D.C.W.D.Ky., 49 F. Supp. 547; United States v. Cason, D.C.

W.D.La., 39 F.Supp. 731, 734. Cf. Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128; Wechsler v. United States, 2 Cir., 158 F. 579; Edelstein v. United States, 8 Cir., 149 F. 636, 9 L.R.A.,N.S., 236.

5. Thus, the case is quite unlike United States v. Bell, C.C.W.D.Tenn., 81 F. 830, where the situation was such that the Court, referring to the defendant, concluded: "Probably he never heard of this constitutional provision." Id., at page 838.

6. Cf. Thompson v. United States, 7 Cir., 10 F.2d 781, 784.

7. United States v. Benjamin, 2 Cir., 120 F.2d 521; United States v. Mangiaracina, D.C.W.D.Mo., 92 F.Supp. 96; United States v. Rainey, D.C.W.D.Mo., 10 F.R.D. 431.

son so introduced was known; and (c) if it be claimed that in fact no person was introduced at that time and place, state such fact. Accordingly, the motions are granted as indicated. In all other respects they are denied.

Settle order on notice.