**UNITED STATES of America,**
**Plaintiff,**

v.

**Harlan S. CALLAHAN, Defendant.**

**No. 16388.**

United States District Court
W. D. Washington, S. D.

Dec. 5, 1955.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., and J. S. Obenour, Jr., Asst. U. S. Atty., Tacoma, Wash., for plaintiff.

Emmett G. Lenihan, and Paul D. Coles, Seattle, Wash., for defendant.

BOLDT, District Judge.

In Count I of the indictment it is charged "That on the 7th day of March, 1949, * * * [defendant] * * * wilfully and knowingly attempt[ed] to defeat and evade a large part of the income tax due and owing by him * * * for the calendar year 1948, by filing * * * with the Collector of Internal Revenue * * * at Tacoma, Washington, a false and fraudulent income tax return wherein he stated that his net income for said calendar year was the sum of $2,807.21 and that the amount of tax due and owing thereon was the sum of $266.80, whereas, as he then and there well knew, his net income for the said calendar year was the sum of $27,928.18, upon which said net income he owed * * * an income tax of $9,501.13. In violation of Section 145(b), Internal Revenue Code, 26 U.S.C., Section 145(b)." In identical manner Counts II, III and IV charge the same offense involving various amounts of income and tax for the calendar years 1949, 1950 and 1951.

Within the time allowed therefor defendant moved the court for an order requiring plaintiff to make and file a bill of particulars setting forth: the items, and the sources, dates and amounts of the items, comprising the alleged unreported income; the records from which the computations of alleged net income were made; and the method of computing alleged net income. The motion prays that if the net worth and expenditures method was used in computing defendant's income that plaintiff be required to state the claimed net worth of defendant at the beginning and end of each year covered by the indictment, together with the items included in the computation of net worth for each year including the alleged gross income and the type and amount of deduction against gross income for each of the years in question. There is no showing purporting to support the motion other than the assertion of counsel in the motion and at the argument that neither defendant nor his counsel has knowledge of the information sought by the motion and that such information is necessary to the preparation of defense and for protection against further prosecution for the same alleged offenses.

At the hearing on the motion and in an informal conference of counsel at that time the District Attorney stated that the government would offer proof of (1) specific items of unreported income, (2) defendant's net worth at the beginning and end of each indictment year and (3)

bank deposit analyses. Defendant's counsel were advised further of the government's possession of several hundred bank checks of defendant which will be offered in evidence, together with testimony relating thereto. These checks have been and will continue to be available for examination by defendant's counsel.

■ The indictment, following the language of the statute and in standard form, sufficiently charges a violation of 26 U.S.C. § 145(b) within the requirements of Fed.Rules Crim.Proc. rule 7 (c), 28 U.S.C.A. Himmelfarb v. United States, 9 Cir., 1949, 175 F.2d 924; Remmer v. United States, 9 Cir., 1953, 205 F. 2d 277. Defendant does not contend otherwise.

■ F.R.Cr.P. 7(f) provides in part, "The court *for cause* may direct the filing of a bill of particulars." (Emphasis supplied.) The emphasized words indicate that a defendant seeking a statement of the particulars of a sufficiently charged offense has the burden of showing substantial cause therefor. Ordinarily this will consist of a showing of specific facts and circumstances requiring the bill of particulars, as distinguished from mere general assertions as made in the present case.

■ In the above-cited Himmelfarb case [175 F.2d 935], the Court of Appeals for this Circuit said, " 'The granting or denial of a bill of particulars is in the sound discretion of the trial court, and if no abuse or prejudice appears its action in denying the application will not be disturbed on appeal. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545; Robinson v. United States, 9 Cir., 33 F.2d 238, 240. The rule has been applied in income tax evasion cases. Cf. Paschen v. United States, 7 Cir., 70 F.2d 491; United States v. Skidmore, 7 Cir., 123 F.2d 604.' " In the Remmer case [205 F.2d 281], the same court said: "A bill of particulars should be granted where it is thought necessary (1) to protect the defendant against a second prosecution for the same offense, or (2) to enable the defendant to adequately prepare his defense and avoid surprise at the trial." Unless either one or the other or both of such conditions be shown by the allegations of the indictment or by a specific showing properly made, the basis for requiring a bill of particulars does not appear.

Under the allegations of the indictment and the statute of limitations double jeopardy for defendant in the present case is extremely remote if not impossible. Neither is there any present indication that the defense will suffer surprise of a nature which will prevent a fair trial. In cases of this character, without a particular showing thereof, the court cannot determine in advance that defendant will be unfairly surprised by the proof presented by the government. If and when the event occurs remedies are available both during the trial and after verdict.

■ If sufficient evidence is presented to carry the case to a jury the instructions, in emphatic terms, will make it plain that a failure to report and pay tax on income which results from mistake, oversight, or negligence does not constitute a crime. Defendant cannot be convicted unless it be proven beyond a reasonable doubt that he wilfully and intentionally failed to report and pay tax on taxable income which he specifically knew actually had been received by him. With the burden on the government to produce substantial evidence meeting these requirements, it cannot be presumed in advance of the trial, without a specific showing thereof, that defendant will be surprised at the disclosure of what the government must prove beyond a reasonable doubt he actually knew at the time his tax returns were prepared and filed.

As indicated, defendant seeks extensive details concerning the government's evidence and contentions under the net worth method of computing defendant's income. The recent "net worth" decisions of the Supreme Court, Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Friedberg v. United States, 348 U.S. 142, 75 S.Ct. 138, 99 L.Ed. 188; Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192, and United States v. Calderon, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202, have charged the trial court as well as all government tax officials with extensive duties and responsibilities for the protection of defendants in such cases. The full performance of such duties as now mandatorily required obviates the necessity of requiring the government to determine and disclose in advance of the trial the details of the evidence to be offered and the computations based thereon. It must be remembered that the net worth theory of prosecution is only permitted when a taxpayer has failed to perform his statutory duty to make and preserve adequate records from which his tax liability can be determined. If in any case evidence of net worth and computations based thereon are allowed, it is only because of defendant's failure to comply with the law concerning proper record keeping. Under such circumstances, there is no reason for unduly hampering and limiting the government in the net worth proof or computations it may present by requiring in advance a statement of the details thereof.

In the large number of cited cases concerned with bills of particulars in tax fraud cases precedent can be found for every ruling from one extreme to the other. The decision herein made appears to be in line with the cited decisions of the Court of Appeals for this Circuit.

Defendant's motion for bill of particulars is denied in entirety.