**UNITED STATES of America**

v.

**Albert HUDSON.**

**Crim. No. 7594.**

United States District Court
M. D. Georgia,
Macon Division.

April 30, 1959.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., Vincent P. Russo, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff.

Denmark Groover, Jr., J. Rene Hawkins, Bloch, Hall, Groover & Hawkins, Macon, Ga., for defendant.

BOOTLE, District Judge.

The defendant stands indicted in standard form in two counts for wilfully attempting to evade income taxes by filing false and fraudulent returns stating an income of a specified amount and a tax of a specified amount well knowing that his income and tax were in specified larger amounts. The counts are identical except that count one relates to the calendar year 1952 and count two to the calendar year 1953 and all amounts are different.

The defendant, not challenging the legal sufficiency of the indictment, has moved for a bill of particulars asking that the Government be required to state with respect to each count:

1. Whether they are proceeding upon

(a) The net worth basis;

(b) The net worth and expenditure basis, or

(c) The basis of specific items of unreported income.

2. In the event the Government is proceeding upon some basis other than 1(a), 1(b) or 1(c) then the defendant should be furnished such detailed information as, in the discretion of the court, might adequately permit him to defend himself against the charges alleged in the indictment.

3. In the event the Government is proceeding upon the net worth theory, the defendant should be furnished with a list of assets and liabilities which comprise the defendant's net worth at the beginning and ending of the year involved.

4. In the event the Government is proceeding upon the theory of net worth and expenditures, the defendant should be furnished with a list of assets and liabilities which comprise his net worth at the beginning and at the end of the year involved, as well as a list of the specific expenditures relied upon by the Government in arriving at the unreported income alleged in the indictment.

5. In the event the Government is relying upon the specific item of unreported income method, the Government should furnish to the defendant a list of such alleged, omitted items, amount of each item, names of the payor and payee, date, medium and method of payment.

6. In the event the Government is relying upon transactions between the defendant and another to prove a wilful intent, the defendant should be furnished with the date, amount and such other descriptive information with respect to said transactions as will serve to identify them so as to permit this defendant to adequately prepare his defense.

This application for bill of particulars was heard upon written briefs and oral arguments. The Government opposes the application except that in its brief it informs the defendant and particularizes for him as follows:

"The Government has no objection to informing the defendant as to the theory on which it expects to proceed. In this connection the Government here voluntarily states that it expects to proceed on the net worth plus expenditures method of proof; however, the Government also expects to introduce, as proof of defendant's wilfulness and as proof of a possible source of his yearly net worth increases, evidence of specific unreported sales made by defendant in each of the two years involved in the indictment."

Bills of particulars are to be granted not for the asking but, as Fed. R.Crim.P. 7(f), 18 U.S.C.A., provides, "for cause" and the movant has the burden of showing substantial cause. United States v. Callahan, D.C., 18 F.R.D. 486, 488. The written motion and brief attempted no such showing. No cause was suggested at the oral argument save that the defendant did not keep accurate records and may have lost some invoices from the glove compartment of his car or truck and that the year 1951 had been under investigation by the Revenue Agents though not included in the indictment because of the statute of limitations.

It has been said that in cases involving requests for bills of particulars in tax fraud cases precedent can be found for every ruling from one extreme to the other. United States v. Callahan, supra, 18 F.R.D. at page 489. I have found no precedent however for the grant of a bill of particulars as broad as this request. I have not seen a ruling requiring the Government to furnish "a list of assets and liabilities which comprise the defendant's net worth at the beginning and

ending of the year." Such request was denied in United States v. Boyer, D.C., 13 F.R.D. 91.

▆ Bills of particulars are granted only for two reasons: (1) to guard against double jeopardy or (2) to make possible adequate preparation of the defense and to avoid surprise at the trial. Double jeopardy is unlikely, if not impossible, under this indictment, nor is there much danger of surprise at the trial. Normally and in the absence of unusual circumstances it would seem that a taxpayer can be relied upon to know more about his financial affairs than anyone else including Revenue Agents. United States v. Rainey, D.C., 10 F.R.D. 431, 433; United States v. Mangiaracina, D.C., 10 F.R.D. 415; United States v. Boyer, supra, 13 F.R.D. at page 92.

In United States v. Callahan, supra, 18 F.R.D. at page 488, the Court summed it up this way:

"If sufficient evidence is presented to carry the case to a jury the instructions, in emphatic terms, will make it plain that a failure to report and pay tax on income which results from mistake, oversight, or negligence does not constitute a crime. Defendant cannot be convicted unless it be proven beyond a reasonable doubt that he wilfully and intentionally failed to report and pay tax on taxable income which he specifically knew actually had been received by him. With the burden on the government to produce substantial evidence meeting these requirements, it cannot be presumed in advance of the trial, without a specific showing thereof, that defendant will be surprised at the disclosure of what the government must prove beyond a reasonable doubt he

actually knew at the time his tax returns were prepared and filed."

In United States v. Dolan, D.C.D. Conn.1953, 113 F.Supp. 757, 760, it was held:

"Likewise, when the government discloses that it will rely on the so-called expenditures or net worth theory, it is sufficient if it discloses the period during which it will offer proof of expenditures made and the dates as of which it will offer proof of the defendant's net worth. United States v. Caserta, 3 Cir., 199 F.2d 905; United States v. Chapman, 7 Cir., 168 F.2d 997."

See also Remmer v. United States, 9 Cir. 1953, 205 F.2d 277, 282.

▆ A request for a bill of particulars requires the careful exercise of a sound discretion, but the Government should not be compelled to give a detailed disclosure of its evidence. Johnson v. United States, 5 Cir.1953, 207 F.2d 314, 320.

In view of the Government's voluntary disclosure above quoted the motion will be denied in its entirety except that the Government will be required to apprise the defendant of the dates as of which it will offer proof of the defendant's net worth. This provision is being made in view of the fact that the year 1951, not covered by the indictment, was covered by the investigation. It will be observed that by its voluntary disclosure the Government has limited its evidence of specific unreported sales to sales made by the defendant in the two years involved in the indictment.

Counsel for the Government may prepare an order in accordance herewith, submitting same to counsel for defendant who shall have five days for suggestions as to form.