**UNITED STATES of America,**
**Plaintiff,**

v.

**Mark A. BIRD, Defendant.**
**Crim. A. No. 1130.**

United States District Court
S. D. West Virginia.
Dec. 22, 1959.

ing a violation of Section 145(b), Internal Revenue Code 1939, 26 U.S.C.A. § 145(b), for the year 1953; and the remaining three counts charging violations of Section 7201, Internal Revenue Code of 1954, 26 U.S.C.A. § 7201, for the years 1954, 1955 and 1956. Each count states the reported net income and tax due thereon for the particular year, as well as the amount alleged by the Government to be the correct net income as well as the correct tax due for such year.

The defendant filed a motion for a bill of particulars seeking, among other things, particularity with reference to the offense charged for the year 1953; the basis of the Government's charges of unreported income and tax; specification as to payors of items allegedly omitted; and specification of any alleged improper deductions. Thereafter, the Government filed its bill of particulars stating that its case on the first count was based on the willful attempt of the defendant to evade and defeat the tax imposed by the appropriate chapter of the Revenue Code. The bill of particulars further indicated that the charge of unreported income was based on the omission from the several returns of specific items of income received by the defendant during each of the taxable years. The bill of particulars was accompanied by a schedule showing commissions paid to the defendant for the years involved as reflected by the records incident to his business as a general agent of American Health Insurance Corporation. The schedule also showed an analysis of certain savings and collection accounts maintained by the defendant in two local banking institutions. With reference to the fourth count, the Government specified an alleged improper deduction for the year 1956.

Thereafter, the defendant objected to the sufficiency of the bill of particulars and moved the court to direct the United States Attorney to amplify it by responding to defendant's request that the Government set forth an itemized list

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., for plaintiff.

Chapman Revercomb, Leslie D. Price and J. B. Fisher, Charleston, W. Va., for defendant.

FIELD, District Judge.

The defendant was indicted for income tax evasion. The indictment contained four counts, the first count charg-

showing the date, amount and name of the payor of each item making up the total of the alleged gross income of the defendant for each taxable year. The Government, thereupon, objected to the defendant's motion and, in effect, stated that it had furnished in its bill of particulars all of the information which it had which could be considered fairly responsive to the defendant's original motion.

Generally, the purpose of a bill of particulars is not only to apprise the accused of the specific charges against him, but also to enable him to plead his acquittal or conviction in bar of any subsequent prosecution for the same offense. Further than that, especially in cases involving alleged violations of the tax statutes, a bill of particulars is desirable in the interests of justice to enable the accused to prepare his defense and to avoid surprise at the trial. United States v. Rainey, D.C., 10 F.R.D. 431; United States v. Boyer, D.C., 13 F.R.D. 91. In the case of United States v. Dolan, 113 F.Supp. 757, Judge Hincks observed that the bill was proper not only for the objects stated above, but also to save a defendant needless labor in preparing his defense. However, Judge Hincks indicated that the ends of justice would be fairly served if the bill of particulars identified the basic entries in the return which it challenged and identified any alleged omission with sufficient specificity to enable the defendant to have available at the trial evidence relative to such claimed omission. The ruling enunciated in the Dolan case has been accepted as eminently appropriate in cases of this type. See United States v. Carb, D. C., 17 F.R.D. 242.

Applying these principles to the instant case, it seems to me that the bill of particulars of the Government is sufficiently responsive to the defendant's motion and meets the criteria set up by the weight of authority. The Government has indicated the theory of its charges and has identified the basic entries which it alleges are false. In the schedule it has broken down the accounts of the defendant with the American Health Insurance Corporation to reflect month by month for each of the years involved the commissions paid on renewal premiums, the first month premiums retained as commissions, and additional annual commissions or bonuses. The recapitulation sets forth the total commissions which it alleges are shown by the record as against the total commissions stated in the defendant's returns. It has gone even further, however, by breaking this monthly itemization of commissions down with reference to the various regional or group accounts as reflected by the records of the defendant himself. Defendant contends, however, that the Government has not gone far enough; that since defendant processed approximately 25,000 individual insurance policies during the years covered by the returns, the Government should identify the commission on each specific policy which it claims the defendant received and failed to report. To me the position of the defendant in this regard is untenable and is asking that the Government furnish those "minutest details" of the Government's case which have been uniformly denied. See United States v. Wexler, D.C., 6 F.Supp. 258; United States v. Boyer, supra; United States v. Philippe, D.C., 173 F.Supp. 582; Stumbo v. United States, 6 Cir., 90 F.2d 828. The Government has specified the amounts and sources of the alleged income and in its schedule has itemized such income month by month. The books and records of the defendant are in his possession and it does not appear to the court that it would be an unreasonable or herculean task for the defendant to properly prepare his defense in the light of the specifications of the bill of particulars herein. For the reasons stated above, it is my opinion that the bill of particulars filed herein responds to defendant's motion as fully and specifically as could reasonably be asked, and, accordingly, the defendant's motion to amplify the bill of particulars is hereby denied.