968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Charles C. PAYNE, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Charles C. PAYNE, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Otis JACKSON, II, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kathy NELSON, Defendant-Appellant.
 Nos. 91-5418, 91-5432, 91-5437 & 91-5442.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 4, 1992
Decided: July 21, 1992
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR-90-280)
 ARGUED: James M. Bradley, Jr., Albright, Bradley & Ellison, Parkersburg, West Virginia, for Appellant Payne; Jeff Chandler Woods, Jackson & Kelly, Charleston, West Virginia, for Appellant Jackson; Matthew Anthony Victor, Charleston, West Virginia, for Appellant Nelson.
 Phillip B. Scott, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 ON BRIEF: Michael W. Carey, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before SPROUSE and LUTTIG, Circuit Judges, and LEGG, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants Otis Jackson, II, Kathy Nelson, and Charles C. Payne were convicted of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana. See 21 U.S.C. §§ 841(a)(1), 846. Jackson was also convicted of conspiracy to defraud the United States by impeding the functions of the Internal Revenue Service (IRS). See 18 U.S.C. § 371. On appeal, Jackson and Nelson claim that the Government's evidence was insufficient to support their drug conspiracy convictions; that the Government's actions before and during trial amounted to a pattern of misconduct; that the absence of blacks from the jury venire deprived them of their Sixth Amendment rights; and that their sentences were improperly calculated. Speaking for himself only, Jackson claims that there was insufficient evidence to support his conviction for conspiracy to defraud the United States. For his part, Payne claims only that the evidence supporting his conviction was insufficient.
 
 
 2
 None of these claims has merit, and only the three sufficiency claims warrant discussion.
 
 I.
 
 3
 We review the sufficiency of the evidence under a deferential standard. The inquiry is whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See United States v. Torcasio, 959 F.2d 503, 506 (4th Cir. 1992) (per curiam) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 A.
 
 4
 To establish a violation of 21 U.S.C. § 846, the Government must prove (1) that there was an agreement to engage in conduct that violates a federal drug law, and (2) that the defendant voluntarily became a party to that agreement. United States v. Clark, 928 F.2d 639, 64142 (4th Cir. 1991).
 
 
 5
 There is substantial evidence supporting the convictions of Jackson and Nelson for conspiracy to possess with intent to distribute and to distribute cocaine and marijuana. The Government's evidence showed that Jackson and Nelson ran a drug operation out of the home that they shared. One of the Government's many witnesses testified that he had purchased powder cocaine, crack cocaine, and marijuana from both Jackson and Nelson on well over a hundred occasions, J.A. at 302-08, and another testified that Nelson had told her how Jackson and Nelson obtained their drugs, id. at 215, and where they stored them, id. at 224.
 
 
 6
 The evidence that Payne conspired with Jackson was far from overwhelming, but it was sufficient to enable a reasonable jury to conclude that Payne and Jackson were in the drug business together. The Government presented evidence that Payne sold marijuana, id. at 140, 197, 310-11, 335-36; that Jackson was his source for at least one of the sales, id. at 141, 145-46, 197-98; and that Jackson knew that Payne was a seller, id. at 311.
 
 B.
 
 7
 To establish a violation of 18 U.S.C. § 371, the Government must prove (1) the existence of an agreement; (2) an overt act by one of the conspirators in furtherance of the agreement's objectives; and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States. United States v. Vogt, 910 F.2d 1184, 1202 (4th Cir. 1990), cert. denied, 111 S. Ct. 955 (1991). Jackson was charged with conspiring with "persons known to the United States Attorney" to defraud the United States "by evading and defeating the lawful governmental functions of the Internal Revenue Service ... in the ascertainment, computation, assessment and collection of the revenue." J.A. at 27. This is the so-called "Klein conspiracy." See United States v. Klein, 124 F. Supp. 476 (S.D.N.Y. 1954) (recognizing, under 18 U.S.C. § 371, conspiracy to defraud United States by impeding functions of IRS), aff'd, 247 F.2d 908 (1957), cert. denied, 355 U.S. 924 (1958). The Government's theory at trial was that Jackson had conspired with Nelson to conceal the profits from his drug business. It is undisputed that Jackson failed to file tax returns in 1987, 1988, and 1989, and there was evidence that Jackson knew that the income from drug sales is taxable, J.A. at 114, 223. The only remaining question is whether there was sufficient evidence of an agreement between Jackson and Nelson.
 
 
 8
 We conclude that there was. First, there was abundant evidence that Jackson and Nelson were partners in a drug business, and there was evidence that Jackson did not keep any business records, id. at 153, 399, 536. The failure to keep business records obviously impedes the IRS in the collection of revenue, and it is not unreasonable to infer that the business partners' decision not to keep records represented at least a tacit agreement to conceal their drug profits from the IRS.
 
 
 9
 Second, there was evidence that Jackson and Nelson used drug proceeds to start a ladies' undergarment store, and that they occasionally hid drugs in the store. Id. at 223-24. It is a reasonable inference that at least one of the purposes of starting that business-which folded after eight months-was to launder drug money." Although several courts have specifically reserved the question of whether conspiring merely to conceal the source of income is illegal under Klein," Vogt, 910 F.2d at 1202-03, this court has upheld a Klein conspiracy conviction where there was evidence of money laundering combined with "inaccurate and false tax returns" and "other indications of tax evasion," id. at 1203; see also United States v. Hernandez, 921 F.2d 1569, 1575-76 (11th Cir.), cert. denied, 111 S. Ct. 2271 (1991); United States v. Tedder, 801 F.2d 1437, 1446 (4th Cir. 1986), cert. denied, 480 U.S. 938 (1987).
 
 
 10
 Third, there was evidence, in the form of testimony from Nelson herself, that although Jackson and Nelson had discussed their obligation to file a tax return for their undergarment business, they failed to do so. J.A. at 602-04. This evidence, standing alone, is sufficient to sustain the Klein conspiracy conviction.
 
 II.
 
 11
 We have carefully considered the remaining claims, and conclude that they, too, are without merit. For the reasons stated, appellants' convictions and sentences are affirmed.
 
 AFFIRMED