**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4560**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MICHAEL W. FULLER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:06-cr-00040-GRA-2)

Submitted:  October 10, 2008     Decided:  October 30, 2008

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Barton, JOHN M. BARTON, LLC, Columbia, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, William C. Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael W. Fuller was convicted by a jury of one count of conspiracy to impede the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 371 (2000). The district court sentenced Fuller to twelve months and one day imprisonment. On appeal, Fuller challenges the sufficiency of the evidence of his conviction. For the following reasons, we affirm.

A defendant who challenges the sufficiency of the evidence underlying his conviction bears a heavy burden. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942).

We review both direct and circumstantial evidence, and permit the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). We do not examine evidence piecemeal, but consider it cumulatively. United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). "[I]f the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d

2

143, 148 (4th Cir. 1994). This court will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

Because Fuller did not make a Fed. R. Crim. P. 29 motion for judgment of acquittal in the district court, our review is for plain error. United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008). To establish plain error, Fuller must show that an error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736.

The elements of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 are: (1) the existence of an agreement, (2) an overt act by a conspirator in furtherance of the agreement, and (3) an intent by the conspirators to agree to defraud the United States. United States v. Gosselin Worldwide Moving, N.V., 411 F.3d 502, 516 (4th Cir. 2005). "Fraudulent intent may be inferred from the totality of the circumstances and need not be proven by direct evidence." United States v. Ham, 998 F.2d 1247, 1254 (4th Cir. 1993). This is a so-called "Klein conspiracy." See United States v. Klein, 124 F. Supp. 476

3

(S.D.N.Y. 1954) (recognizing, under 18 U.S.C. § 371, conspiracy to defraud United States by impeding functions of IRS), aff'd, 247 F.2d 908 (1957).

Fuller argues that the Government did not prove the existence of an agreement between Fuller and Carl Perry, his co-defendant, to impede the IRS, or that Fuller knowingly joined the conspiracy. Viewing the evidence in the light most favorable to the Government, our review of the record leads us to conclude that the evidence presented to the jury was sufficient to prove the existence of an agreement between Perry and Fuller to defraud the government by impeding the IRS. Accordingly, we find no error in the jury's verdict and therefore affirm Fuller's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4