STONE, Special Agent, Bureau of Internal Revenue, v. FRANDLE.

Civ. No. 3248.

United States District Court
D. Minnesota, Fourth Division.

Feb. 27, 1950.

William P. Murphy, Assistant United States Attorney, of St. Paul, Minnesota, appeared as attorney for the petitioner.

Leonard, Street & Deinard, of Minneapolis, Minnesota, appeared as attorneys for the defendant.

NORDBYE, Chief Judge.

The above cause came before the Court on the petition of plaintiff for an order requiring defendant to produce certain stenotype notes taken by her in a certain arbitration proceeding and to testify as to matters contained therein relative to the business transactions of one Abraham Friedman as the same may affect his tax liability for the years 1942 to 1948.

The salient facts are not in dispute. The income tax returns filed by one Abraham Friedman with the Collector of Internal Revenue for the District of Minnesota for the years 1942 to 1948, inclusive, have been under investigation since April, 1949, by the special agents of the Bureau of Internal Revenue. In the investigation by one of the special agents, defendant was requested to reveal for him the contents of certain stenotype notes made and preserved by her covering the arbitration proceedings referred to, but, upon advice of her counsel, she refused to com-

ply. These notes cover primarily the testimony of one Theodore Cohen, son-in-law of Friedman. Thereafter, and on or about October 5, 1949, one of the special agents of the Bureau of Internal Revenue issued a summons in the form of Exhibit A, attached to the petition herein, requiring the defendant to appear at a designated time and place to testify in the matter of the tax liability of Abraham Friedman and to have with her at that time the stenotype notes hereinbefore referred to. Again, defendant upon advice of her counsel failed and refused to comply with the requirements of the summons. Thereafter, these proceedings were instituted under Section 3633, Title 26 U.S.C.A.

Plaintiff, who is a special officer within the purview of Section 3614, Title 26 U.S.C.A., relies on that section for his authority to require defendant to testify and produce the stenotype records referred to for examination. This section reads, in part, "(a) To determine liability of the taxpayer. The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, *or the attendance of any other person having knowledge in the premises,* and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons." (Italics supplied).

Defendant's position is that stenotype notes taken at arbitration proceedings do not constitute "books, papers, records, or memoranda" within the meaning of this section. And, moreover, it is urged that she has no "knowledge" of any matters which pertain to the income tax liability of Friedman. Reference is made by defendant to Section 3615, Title 26 U.S.C.A., which pertains to the authority of the Collector to issue summonses to witnesses, and wherein it is provided that "It shall be lawful for the collector * * * to summon any person to appear before him and produce books at a time and place named in the summons, and to give testimony or answer interrogatories, under oath, respecting any objects or income liable to tax or the returns thereof. * * *"

It is her position that because Section 3615 refers only to "books", it is reasonable to assume that, in promulgating these two sections, Congress intended in this regard that the same authority should be vested in the Collector as in the Commissioner; that the inclusion of the words, "papers, records, or memoranda" after the word "books" in Section 3614 was only intended to specify the basic papers, etc., from which the books were constituted and not to any miscellaneous writings or any other data having no relation to books of account of the taxpayer or of others. It is reasoned, therefore, that while Section 3615 refers only to the right of the Collector to produce by summons "books", this term necessarily includes the underlying documents which are reflected in the books of account. Hence, it is argued that this construction reconciles Sections 3614 and 3615 and that to recognize the right of the Commissioner to subpoena any writing or record unrelated to books of account would give to the Commissioner broader authority in issuing summonses than that which is granted to the Collector. This, according to the defendant, could not have been within the intent of Congress. And in so far as the right of the Commissioner to summon "any other person having knowledge in the premises" as that provision is used in Section 3614, it is defendant's position that "in the premises" must refer to the books and records, etc., which are to be produced, and in any event, it is urged that the knowledge of the person summoned must be first-hand knowledge of facts relating to the tax liability of the taxpayer who is under investigation. It is pointed out that any recitals contained in the stenotype notes in possession of defendant refer only to what Mr. Cohen may have

stated regarding Friedman's income or matters relating thereto. Defendant contends, therefore, that any "knowledge" that she may have as reflected in her stenotype notes does not constitute the type of knowledge which the statute intended to embrace.

Upon consideration, however, it is the Court's opinion that there is an absence of any merit to defendant's position. An examination of these two sections impels the view that defendant has unduly restricted the scope of the sections in question and has failed to give due emphasis to all of the provisions of Section 3615. It may be conceded that Section 3615 necessarily includes the underlying documents which are reflected in books of account, but to limit these two sections to the production of books of account and the underlying documents thereof is placing a strained and unwarranted interpretation on the authority of the Commissioner and Collector.

Certainly, it seems clear that Congress did not intend that the possession of books of account as such or their underlying data is a condition precedent to the right of the Commissioner or the Collector to issue a summons to any person in connection with their investigation of tax frauds. Under Section 3614, it is specifically provided that any person "having knowledge in the premises" may be required to attend upon being summoned. Obviously, the phrase "in the premises" does not relate only to books of account; it relates generally to the tax investigation which is being conducted by the government officials. For instance, if this taxpayer had testified in these arbitration proceedings that his income was an amount far in excess of that disclosed in his tax return for any of the years in question, there cannot be any doubt as to the right of the Commissioner under the statutes to obtain that information either by subpoenaing the stenotype records, or by summoning persons who may have heard the taxpayer make such admissions. Under Section 3615(c)(3), the summons may be issued not only to persons having books of account containing entries relating to the taxpayer's income, but the Collector is granted specific authority to issue subpoenas to "any other person the collector may deem proper." Under either section, therefore, any person may be summoned and required to give testimony on matters which may aid in the furtherance of the objects covered by the respective statutes regardless of whether the information pertains to books of account. If the Commissioner has authority to summon any person who may have "knowledge in the premises" it must follow that he has the correlative right to require the witness to produce any writings or data which may bear upon the matter.

Under Section 3614, the Commissioner is concerned herein with ascertaining the correctness of the returns made by Friedman for the years referred to. He asserts that Friedman and Cohen had financial transactions which will reflect the tax liability of the former. In the arbitration proceedings, it is admitted that Cohen gave testimony which has some bearing upon the question of Friedman's tax liability. In view of the broad scope of this statute, its objects, and the practical construction which must be given to it, the person subpoenaed should not presume to determine, under the admitted facts herein, that the information which plaintiff seeks will constitute hearsay evidence, for instance, and that therefore she has no "knowledge" of any matters bearing upon the tax liability of the person under investigation, and consequently is justified in disobeying the subpoena. To conclude that the "knowledge" of the witness under the circumstances herein will not constitute competent evidence or information which will aid the Government in connection with the investigation of an income tax return, is a burden and responsibility which the proposed witness should not assume. It is for the Commissioner to decide whether or not the "knowledge" will aid the Government. Whether the stenotype notes will disclose evidence admissible in Court is not the criterion. In absence of valid constitutional objection or privilege, the Government is entitled to the benefit of that which is disclosed in the arbitration proceedings for what it may be worth. Courts should not, in view of the scope and purposes of this

statute, circumscribe unduly the officials of the Government in the performance of their highly important public duties in the investigation of tax fraud.

Judge Booth, in Brownson v. United States, 8 Cir., 32 F.2d 844, in construing this same statute, upheld an order requiring a city superintendent of a Western Union Telegraph Agency to divulge the contents of a telegram which bore upon the income received by a taxpayer who was under investigation, and gave to this section a most liberal interpretation, stating, 32 F.2d at page 848: "We think that the power granted to the Commissioner of Internal Revenue by the statutes above quoted to require the attendance of witnesses and the production of books and papers in matters properly under investigation by him is similar to the power vested by analogous statutes in federal grand juries to perform similar acts, such as are illustrated by the cases above cited; and that the statutes involved, granting such power to the Commissioner, should receive a like liberal construction in view of the like important ends sought by the government."

Reference also may be made to In re Keegan, D.C., 18 F.Supp. 746, where the Commissioner was sustained in issuing a summons to a stockbroker who was required to appear and testify without the production of any books or papers, but merely as a person with knowledge in the premises.

Granted that it may be argued convincingly that there are limits to the investigatorial power of the Commissioner under this section, and where a witness is harassed in being required to disclose wholly immaterial matters, the Court might not render assistance, here there is no showing that there is any abuse of process or that the Commissioner is proceeding along any lines except those which are fully justified by the statute in question. This Court cannot conclude on this showing that the plaintiff's request herein has no reasonable relationship to the tax investigation of Friedman and is so wholly devoid of merit that the relief sought should be denied.

The above may be considered as the Court's findings of fact herein, and as conclusions of law it follows that the plaintiff is entitled to an order requiring the defendant, Gloria Frandle, to submit to an examination and to produce such books and records as she may have and as requested in the summons heretofore served upon her, a copy of which is marked Exhibit A and is attached to the petition herein, and to testify as to the matters contained therein relative to the business transactions of Abraham Friedman as the same may affect his tax liability for the years 1942 to 1948, both inclusive, in order that plaintiff and his assistants may determine the extent to which such information may affect or explain items entering into the computation of the correct tax liability of Abraham Friedman for the years stated.

An exception is reserved to the defendant.