**Application of Jack M. BURR, to vacate a certain summons to appear, to testify, to produce records, etc.**

United States District Court
S. D. New York.
Jan. 27, 1959.

Liebowitz, Cobert & Deixel, New York City, for petitioner, Simon J. Liebowitz, New York City, of counsel.

Arthur H. Christy, U. S. Atty. for Southern Dist. of New York, New York City, for Internal Revenue Service, Joseph Altier, Asst. U. S. Atty., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is a motion to quash a summons issued by the Internal Revenue Service pursuant to § 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602.

The summons is entitled "In the Matter of the Tax Liability of Equality Plastics, Inc., 138 West 25th Street, New

**450**

York, N.Y." It is addressed to "Emerald Plastics Corp., 220 Fifth Avenue, New York 1, N.Y., Jack M. Burr" and calls for appearance before a special agent of the Internal Revenue Service to give testimony relating to the tax liability of Equality Plastics and the production of designated records relating to the sale and shipment of merchandise to Equality Plastics, the purchase of merchandise so sold and the payment for such merchandise. The summons was served on the moving party, Burr, who is concededly the president of Emerald Plastics Corp.

The motion to quash is made on three grounds: (1) that the summons is invalid because it fails to state whether Burr is summoned to appear in his individual capacity or as president of Emerald Plastics; (2) that since Burr claims that he does not have the records called for, either in his individual or representative capacity, compelling him to testify concerning them would violate his constitutional rights, and (3) that Burr is too ill to appear.

There is no merit whatsoever to the first two contentions. Authority to issue the summons is plainly conferred by § 7602 of the Internal Revenue Code. The summons requests testimony to be given with respect to the tax liability of Equality Plastics. It was served on Emerald Plastics through its president Burr and Emerald must plainly respond.

■■ The answering affidavit of the special agent makes it appear that the summons was intended to be directed against Emerald Plastics and Burr as its president and not against Burr individually. But even if it were intended to be directed against him individually (and on its face it is), there is no reason why he should not be required to appear, and if he does appear to answer such questions as may be put to him regarding the tax liability of Equality Plastics. It is well settled that the Government has the right to examine third parties with respect to any knowledge they may have bearing on the tax liabilities of a taxpayer under investigation. Stone v. Frandle, D.C.D.Minn., 89 F.Supp. 222;

United States ex rel. Sathre v. Third Northwestern National Bank, D.C.D. Minn., 102 F.Supp. 879.

■ The contention that Burr or the corporation are not required to appear because they claim that they do not have the records called for in their possession is merely frivolous. If privilege against self-incrimination is claimed the time to assert such privilege is when questions are asked relating to matters claimed to incriminate. Claim of privilege affords no basis for quashing a summons in the nature of a subpoena ad testificandum or duces tecum, nor does it furnish excuse for failure to appear in response to such a process since Burr's constitutional rights are not impaired by requiring his mere appearance and response to the summons. See Curcio v. United States, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225. Cf. United States v. Scully, D.C.S.D.N.Y., 119 F.Supp. 225, affirmed 2 Cir., 225 F.2d 113.

The case of United States v. Becker, 2 Cir., 259 F.2d 869, lends no support to the petitioner. That case dealt only with the question of what constituted wilful failure to produce papers under 26 U.S.C. § 7210, and had nothing to do with a constitutional claim of privilege as a defense.

■ The claim that Burr is too ill to appear is supported to a limited extent by a letter from his physician. Even if this claim is true it does not call for the quashing of the summons. Nevertheless, Burr might be excused from personal appearance if, as he says, such appearance would necessarily cause him grave physical harm or imperil his life.

The Government suggests that the court appoint an impartial physician to examine Burr and report to the court on his physical condition and as to whether he is physically able to respond. This procedure will be adopted.

An order will be settled on notice providing for the denial of the motion to quash in all respects and for the designation by the court of a physician to examine Burr for the purposes indicated.