In the Matter of the COMMISSIONER
OF INTERNAL REVENUE,
and
Donald W. McLott.
Civ. A. No. 23364.

United States District Court
E. D. Michigan, S. D.
March 5, 1963.

Geo. Gregory Mantho, Detroit, Mich., for Donald W. McLott.

William H. Merrill, Chief Asst. U. S. Atty., Detroit, Mich., for U. S. Government.

MACHROWICZ, District Judge.

Donald W. McLott, engaged in transportation via airplane of lease and individual customers, was served on December 11, 1962 with an Internal Revenue summons to appear on December 24, 1962 and to produce records, for years 1956 through and including 1960, consisting of flight log books, records of cash receipts, and invoices or billings made. Such information was requested in connection with the tax liability of Rolland B. McMaster and his wife.

On December 21, 1962, and thus prior to the date on which McLott was summoned to appear, his counsel advised Bryan J. Roberts, Jr., the Special Agent who handled the McMaster tax matter and who issued the summons, that the records would not be furnished as he had examined the records called for by the summons and determined that they did not refer to Rolland McMaster, also that he objected to the summons as too vague and not specific enough for compliance. On the same day another summons was issued and served on McLott.

The second summons calls for production on January 2, 1963, in connection with the tax liability of Rolland B. McMaster and his wife, of the following documents for the years 1956 through and including 1960:

*Flight log books* showing transportation of Rolland B. McMaster on behalf of himself or in behalf of others.

*Records of cash receipts* from Rolland B. McMaster paid either direct-

ly by himself or indirectly on his behalf by others.

*Invoices or billings* made to Rolland B. McMaster or to others in his behalf.

Before the date designated for production of the documents McLott instituted this proceeding by filing a motion to quash the summons on the grounds that, in its present form, it is too vague, indefinite, and lacking in specific inquiry, and is oppressive.

In opposition to the motion the Commissioner of Internal Revenue filed the affidavit of Special Agent Roberts which recites that Revenue Agent James J. Larson informed affiant of a telephone conversation Larson had with McLott during which McLott informed Larson that McMaster was his best customer, and on the basis of such information it was necessary to question McLott and examine his books and records in connection with McMaster's tax liability.

McLott then filed his own affidavit in which he denies the statement imputed to him by Agent Larson; he also avers in the affidavit that he never had a telephone conversation with Agent Larson on November 20, 1962, or any other date in November, 1962.

The affidavit of Agent Larson was then filed by the Commissioner. Larson was unavailable on the date the affidavit of Special Agent Roberts was filed as he was now working in an area outside of Detroit. In the affidavit Larson alleges that he made a telephone call to McLott to re-schedule an appointment originally set for November 23, 1962, and that in the course of the conversation McLott informed him he was expecting a call since he felt the Internal Revenue Service would not be interested in examining his records as it had just put his boy in jail and that, when affiant indicated he did not know what McLott meant, McLott said he meant McMaster and that McMaster was one of his best customers.

Agent Larson was produced as a witness at the hearing on the motion and testified to the matters contained in his affidavit. He also testified that he was assigned to examine records of McLott as to his own 1961 tax return, that he made a telephone appointment for this purpose with McLott and that he had another telephone conversation with McLott to reschedule the appointment; that he related to his supervisor McLott's statement as to McMaster being his best customer; that he was in the process of examining McLott's records at the time McLott was served with the first summons; and that to his knowledge McLott's file is still open.

After the hearing McLott filed a second affidavit to the effect that he had a telephone conversation with Agent Larson about October 25, 1962, about the availability of his financial records for 1961, that in another telephone conversation on December 2, 1962, he made an appointment for an examination by Larson, in McLott's office, of all of McLott's records pertaining to his finances; he states further that he declined to furnish records not pertaining to his finances. Both of McLott's affidavits are notarized by his counsel.

■ The summons was issued under authority of Section 7602 of Title 26 U.S.C., which gives broad investigatory powers to the Secretary of Treasury or his delegate in ascertaining the correctness of any return or in determining or collecting any tax liability. He may, thereunder, for the purposes stated, summon any taxpayer or third person he deems proper, to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry. Procedures for enforcement of such summonses are also provided by the statute in question.

The Commissioner contends that the present action is in the nature of an enforcement proceeding which contention is vigorously opposed by McLott. In a pre-hearing memorandum of law he urges that proper procedure in an enforcement proceeding dictates that testimony under oath be taken and the right

to cross-examination be afforded. At the hearing the Commissioner offered testimony on his behalf and the right of cross-examination was afforded; McLott presented no testimony on his behalf, nor did he request any continuance for the purpose of submitting any testimony.

The Court of Appeals of the Sixth Circuit interpreted the predecessor statute to Sec. 7602 in Peoples Deposit Bank and Trust Co. v. United States, 6 Cir., 212 F.2d 86, an enforcement action. It held that in the absence of a showing of oppressive, unreasonable or unnecessary requirements made under the statute considered, the weight of authority not only upholds the constitutionality of the Internal Revenue Act but approves its liberal interpretation as well as prompt obedience of the procedure authorized by it. It quoted an excerpt from the opinion of Justice Learned Hand in McMann v. Exchange Commission, 2 Cir., 1937, 87 F.2d 377, 109 A.L.R. 1445, quoted also time and again by other Courts in cases involving similar or related issues:

> "The suppression of truth is a grievous necessity at best, more especially when as here the inquiry concerns the public interest; it can be justified at all only when the opposed private interest is supreme."

Whether this action be treated as an enforcement proceeding or not, in the opinion of this Court at least no more than is required in such a proceeding need be shown by the Commissioner to sustain issuance of the summons.

■ An affirmative showing of probable cause for the administrative inquiry is not required, and only proof that production of records would be unreasonably onerous or that the information sought is not material and relevant to the investigation, would the Court be justified in quashing the summons or granting other relief.

> "Ours courts should not permit interventions which delay government action at the investigation stage unless the interest asserted is direct and immediate."

Foster v. United States, 2 Cir., 265 F.2d 183; Application of Magnus, 2 Cir., 299 F.2d 335.

■ In oral arguments on the motion counsel for McLott stated that there may be many reasons for challenging the summons, among which is a possible loss of constitutional rights. But if a privilege is claimed, such claim affords no basis for quashing a summons in the nature of a subpoena ad testificandum or duces tecum, nor does it furnish excuse for failure to appear since constitutional rights are not impaired by requiring a person to appear and respond to the summons. The time to assert such privilege is when questions are asked relating to matters claimed to incriminate. Application of Burr, D.C., 171 F.Supp. 448, and cases therein cited.

The records requested by the summons are those pertaining to transactions involving McMaster; McLott has not appeared to date and has not produced any of the records, and no questions were as yet propounded to him. A mere possible invasion of any rights asserted at this time is not sufficient ground for quashing the summons and he is amply protected if an attempt is made to invade such rights.

As to materiality and relevancy, the test is not whether the records sought, when disclosed, will or will not contradict the taxpayer's tax returns but whether the inspection sought might throw light upon the correctness of the return. Foster v. United States, supra.

■■ It cannot be said that records of dealings between McLott and McMaster are irrelevant or immaterial to an investigation as to the tax liability of McMaster. Such information would have a bearing on activities in which McMaster was engaged and from which he derived an income, on expenditures claimed, and similar matters. This Court holds that they are relevant and material. Standards of materiality or relevancy are far less rigid in a proceeding of this type than in a trial or

**94**

adversary proceeding. McMann v. Securities and Exchange Comm., supra.

Nor is the demand for information unduly onerous or oppressive, under the circumstances present here, considering the nature and size of McLott's operation, contacts with his customers, and similar factors. No extensive compilations or other burdensome search of records was required, such as courts have found oppressive in cases in which relief was granted, although even in such cases the request for production was sometimes merely limited.

(1) The moving party relies principally on decisions in Local 174, International Brotherhood of Teamsters v. United States, 9 Cir., 240 F.2d 387, and Hubner v. Tucker, 9 Cir., 245 F.2d 35, in which summons issued to third parties were quashed. These decisions were written by the same judge of the same court. The opinion in the Foster v. United States case expresses the view that Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 195, 66 S.Ct. 494, 90 L.Ed. 614, which superseded the two mentioned decisions, in effect also overruled the holding therein. This Court believes, however, that the authorities cited in this opinion to the contrary correctly interpret the requirements of the statute under consideration.

The Commissioner challenges this proceeding as premature since no attempt has been made by him to enforce the summons by court order. It is his claim that the question whether this proceeding is an enforcement proceeding bears, among other things, upon the right to appeal. As indicated above, this proceeding was instituted by McLott's motion for certain relief and, for reasons stated herein, that relief must be denied in the opinion of the court, and such denial completes the court's action in this matter. Whether an appeal lies from such denial is a jurisdictional question to be resolved by the appellate tribunal if and when its jurisdiction is invoked.

For these reasons this Court holds that movant has failed to establish any ground for quashing the summons issued by the Internal Revenue Service and served upon him and that his motion to quash the summons must be denied.

### ORDER

For reasons stated in the above opinion the motion of Donald W. McLott to quash the summons issued by the Internal Revenue Service and served upon him is hereby denied.