UNITED STATES of America and Albert J. Valentas, Internal Revenue Agent, Plaintiffs-Appellants,

v.

HUMBLE OIL & REFINING COMPANY, Defendant-Appellee.

No. 72–3029.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1975.

748

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Mary J. McGinn, Charles E. Anderson, Gilbert E. Andrews, Crombie J. D. Garrett, Robert E. Lindsay, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiffs-appellants.

Walter B. Morgan, Robert G. Standlee, Houston, Tex., for defendant-appellee.

Before GEWIN and MORGAN, Circuit Judges, and GORDON, District Judge.

## PER CURIAM:

The Supreme Court of the United States on April 28, 1975 vacated the judgment of this court in the case of *United States v. Humble Oil and Refining Company,* 488 F.2d 953 (5th Cir. 1974) and remanded the case for further consideration in light of *United States v. Bisceglia,* 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975).

We have carefully considered *Bisceglia* and have concluded that it does not require a reversal of our decision in this case. Both cases involve the enforceability of a "John Doe" summons issued by the Internal Revenue Service. While the *Bisceglia* Court held the "John Doe" summons before it to be enforceable, we decline to construe that holding as a blanket endorsement of the use of "John Doe" summonses in every situation without reference either to the purpose of the summons or to the factual circumstances which underlie its issuance.

At issue in *Bisceglia* was the enforceability of a "John Doe" summons issued by the IRS to a bank. The impetus behind the issuance of the summons was the deposit with the bank of some 400 badly deteriorated one hundred dollar bills by an unknown bank customer. This extraordinary transaction gave rise to a strong suspicion of unpaid taxes. An agent was assigned to investigate, and the issuance of the summons constituted the first step in the investigative process.

In the case now before us the IRS issued a "John Doe" summons in order to discover the identities of all lessors of mineral leases surrendered by Humble Oil in the calendar year 1970. The information sought did not relate to a specific, extraordinary transaction as in *Bisceglia.* Nor were there any factually demonstrable grounds to suggest the likelihood of unpaid taxes. The summons was not issued to facilitate any ongoing investigation. Rather, the information was sought from Humble to expedite research on an IRS project concerning compliance with the lease restoration requirements of the Internal Revenue Code. An adjustment of tax liabilities may have incidentally resulted from the project, but the primary purpose of the project was research. We do not believe that the provisions of 26 U.S.C. §§ 7601 and 7602 authorize the IRS to

force private citizens to do its research. Nor do we believe that *Bisceglia* sanctions this use of the summons power. The judgment is therefore affirmed.