**UNITED STATES of America, Plaintiff,**

v.

**OHIO BELL TELEPHONE COMPANY, Defendant.**

Civ. A. No. C 78–1111.

United States District Court, N. D. Ohio, E. D.

Dec. 14, 1978.

Solomon Oliver, Jr., Asst. U. S. Atty., Cleveland, Ohio, Robert G. Nath, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Victor S. Gomperts, New York City, Thomas A. Linton, Cleveland, Ohio, for defendant.

### MEMORANDUM, OPINION AND ORDER

CONTIE, District Judge.

Plaintiff instituted this action for injunctive relief with the filing of its complaint on August 30, 1978. The Court's jurisdiction is premised upon Section 7402(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7402(a). Hearing of plaintiff's motion for a preliminary injunction was, pursuant to agreement of the parties, consolidated with the hearing on the merits and held before this Court on October 13, 1978. There are no disputed issues of fact.

Defendant Ohio Bell Telephone Company is engaged in the business of providing communications services. Section 4251 of the Internal Revenue Code of 1954, 26 U.S.C. § 4251, imposes a tax on communications services such as general telephone service, toll telephone service, and teletypewriter exchange service. Said tax is to be paid by the person purchasing the services and collected by the person rendering them. Section 4251(a), Internal Revenue Code of 1954, 26 U.S.C. § 4251(a). The person rendering the services is required to collect the tax, make a quarterly return, and pay over the tax to the United States.

The tax imposed by Section 4251 is subject to certain exceptions. Section 4253 Internal Revenue Code of 1954, 26 U.S.C. § 4253. Persons qualifying under one of the subparagraphs of Section 4253 are not subject to the tax imposed by Section 4251.

In order to establish a right to an exemption under certain subsections of Section 4253, the person purchasing the services must execute and furnish an "exemption certificate," along with necessary supporting documents to the person providing the services. The person providing the services

is required to retain the exemption certificates and documentation. The subsections of Section 4253 to which this applies are (c), (d), and (j). (International Organizations, Servicemen in Combat Zone, and Nonprofit Educational Organizations.)

The plaintiff is currently conducting an investigation of the tax liability of certain subscribers to defendant's services for the years 1975 and 1976. Specifically, plaintiff is investigating the validity of exemptions granted to subscribers of defendant's services pursuant to Section 4253(c), (d), and (j).[1]

Defendant has maintained exemption certificates and documentation for the years 1975 and 1976. It has, however, refused to comply with a request by plaintiff to make said materials available for inspection by plaintiff.

Defendant has maintained that plaintiff has no authority to inspect the requested documents unless it serves a summons on defendant pursuant to Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602, and complies with the notice requirements of Section 7609 of the Internal Revenue Code of 1954, 26 U.S.C. § 7609.

 Initially, it is clear that Section 7609 is inapplicable to the present controversy. Said section outlines the procedures the Internal Revenue Service must follow when serving a summons on a "third-party recordkeeper." The present defendant, however, is not a third-party recordkeeper within the definition provided in subsection (a)(3) of Section 7609:[2]

(3) Third-party recordkeeper defined— For purposes of this subsection, the term "third-party recordkeeper" means—

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (As defined under section 603(d) of the Fair Credit Reporting Act (15 U.S.C. 1681a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4)));

(E) any attorney; and

(F) any accountant.

 Further, although Section 7601 provides the Internal Revenue Service with authority to issue summonses, it does not purport to require such issuance. Therefore, if the Internal Revenue Service were not provided authority elsewhere to obtain the documents in question without a summons, it could use a summons to do so pursuant to Section 7601. Inasmuch as the Court has concluded that the Service is provided such authority, however, it is not necessary for it to resort to Section 7601.

Section 6001 of the Internal Revenue Code of 1954, 26 U.S.C. § 6001, provides as follows:

Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of

---

1. Plaintiff has not specifically limited its requested relief to exemptions granted pursuant to subsections (c), (d), and (j), however, it has not offered any authority from which the Court could conclude that persons in defendant's position are either required to retain records concerning exemptions granted pursuant to other subsections of Section 4253 or to make said records available for inspection. The Court assumes, therefore, that the only exemptions to which the investigation is addressed are those found in subsections (c), (d), and (j).

2. Defendant may fall within Section 7609(a)(3)(C) when in the role of extending credit via credit card to its subscribers. No evidence was presented, however, concerning such extension of credit. Even if such evidence had been presented, it is clear from the context that subsection (a)(3)(C) would only relate to requests concerning information about the extension of credit.

the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title.

Pursuant to the authority invested in him by Section 6001 the Secretary has issued 26 C.F.R. § 49.4253–11 and 26 C.F.R. § 148.1–4(g). Said regulations require persons responsible for collection of tax imposed pursuant to Section 4251 to retain the certificates of exemptions issued pursuant to subsections (c), (d), and (j) of Section 4253 and to make said certificates "available for inspection by internal revenue officers for a period of at least three years from the date the tax would have become due, if payable." The Court finds that implicit within the authority granted the Secretary by Section 6001 to require that records be kept is the authority to require that such records be available for inspection without the issuance of a summons. The Court further finds, based on the previous discussion of Sections 7601 and 7609, that 26 C.F.R. § 4253–11 and 26 C.F.R. § 148.1–4(g) are not inconsistent with said statutes.

Inasmuch as the Court has found that defendant is required to make records of exemptions granted pursuant to Section 4253(c), (d), and (j) from the tax imposed by Section 4251 available for inspection upon request of the Internal Revenue Service, defendant shall be enjoined from refusing to make available its records relating to said exemptions.

IT IS SO ORDERED.