**UNITED STATES of America**

v.

**MOBIL CORPORATION et al.**

**No. CA-3-80-0438-G.**

United States District Court,
N. D. Texas,
Dallas Division.

July 30, 1980.

Kenneth J. Mighell, U.S. Atty., Martha Joe Stroud, Asst. U.S. Atty., Dallas, Tex., Michael E. Greene, Tax Div., Dallas, Tex., for plaintiff.

Chas. R. Haworth, R. Hunter Summers, Hewett, Johnson, Swanson & Barbee, Dallas, Tex., for defendants.

## MEMORANDUM ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

This is an action by the United States seeking a permanent injunction compelling Mobil Corporation and Mobil Oil Corporation (collectively "Mobil") to make certain records available to the Internal Revenue Service. The records sought are as follows:

1. Magnetic tapes containing the following information on all Mobil Corporation and Consolidated Companies employees whose payroll records are processed by computer:

Employee name and address

Social Security Number

Gross Income for Each Year

Sick Pay for Each Year

FICA tax withheld for each year

Federal Income Tax withheld for each year

Marital Status

Number of Exemptions claimed for income tax withholding

2. A record layout describing the fields of the above record (location, size, type) and label information. This includes the data set name, blocking factor and other pertinent information to enable the Internal Revenue Service to read the tape.

\*     \*     \*     \*     \*     \*

Alternatively, you may elect to supply the above information in a printed form along with the computer program used to generate the information. The printout supplied by you shall show the employees who meet the requirement shown above [more than $7,999 in earnings with more than 14 claimed exemptions or less than 6% withheld income tax] as well as the total number of employees, the total gross wages for all employees, total withholding for all employees, and the total FICA for all employees.

Complaint, Exhibit A. The government alleges that these are records required to be maintained and made available under I.R.C. §§ 6001 and 6011(a) and 26 C.F.R. §§ 31.-6001–1 and 31.6001–5.

Mobil has served a subpoena *duces tecum* on George McGowan, supervisor of the IRS investigation. That subpoena requests production of documents related to

(a) the IRS investigation;

(b) the identities of the Mobil subsidiaries whose employees are under investigation;

(c) the decision of the IRS to bring this action, "including any documents relating to the authorization by the Chief Counsel of the IRS" for this action;[1]

(d) the decision of the IRS to bring an action for a permanent injunction rather than issuing a summons; and

(e) any requests made or summons issued by the IRS to other companies to inspect payroll records, employee W-2 forms, and employee W-4 forms.

The government has moved for a protective order and to quash the subpoena *duces tecum*. It takes the position that no discovery is appropriate in this case. Mobil argues, on the other hand, that it must be allowed to inquire into the purposes of the IRS investigation. For reasons to be stated, neither position is well taken.

### I. Scope of § 6001

The government bases this action on I.R.C. § 6001 and the regulations promulgated thereunder. That section provides in pertinent part that

> [E]very person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title.

The Secretary has prescribed various regulations under this section. *See* 26 C.F.R. §§ 1.6001 *et seq.* (income tax); 26 C.F.R. §§ 20.6001 *et seq.* (estate tax); 26 C.F.R.

§§ 25.6001 *et seq.* (gift tax); 26 C.F.R. §§ 41.6001 *et seq.*, 26 C.F.R. §§ 46.6001 *et seq.*, 26 C.F.R. §§ 53.6001 *et seq.* (excise taxes); 26 C.F.R. §§ 44.6001 *et seq.* (stamp taxes). *See also* 26 C.F.R. §§ 301.6001 *et seq.* For present purposes only the employment tax regulations are relevant. Those regulations, principally 26 C.F.R. §§ 31.6001-2(a) and 31.6001-5(a), specify various categories of information which must be maintained for each payment to an employee. There is no specific requirement that annualized records be maintained for each employee or for the company as a whole.

Mobil states that it has maintained and is willing to allow inspection of W-2, W-4, and W-4E forms for the years in question. These forms display most if not all of the information which the IRS has requested in the alternative format of magnetic tapes. Mobil does not state whether and in what form it maintains records of individual salary payments as required by 26 C.F.R. §§ 31.6001-2(a) and 31.6001-5(a). It does state that it does not maintain *annualized* records of such data except for the W-2, W-4, and W-4E forms, and that it would have to compile such records in order to comply with the IRS request.

■ The question then becomes whether (assuming Mobil's statements to be correct) Mobil may be required to generate records it does not presently maintain. As to records required by regulation, 26 C.F.R. § 31.6001-1(a) provides that

> [t]he records required by the regulations in this part shall be kept accurately, but no particular form is required for keeping the records. Such forms and systems of accounting shall be used as will enable the district director to ascertain whether liability for tax is incurred, and, if so, the amount thereof.

This regulation must be read in conjunction with the provision of § 6001 authorizing the Secretary[2] to require by notice the mainte-

---

1. The IRS has supplied such a document to Mobil by attaching it as an exhibit to a brief in support of the present motion.

2. The Secretary has delegated his authority to district directors. Commissioner Delegation Order No. 24, 21 Fed.Reg. 1520 (1956), *reprint-*

nance of such records "as the Secretary deems sufficient to show whether or not" a person is liable for tax.

To the extent Mobil's records are sought under the regulations, neither those regulations nor their statutory underpinning authorize the IRS or the courts to require the generation of previously nonexistent records, except perhaps to remedy prior noncompliance with the recordkeeping requirements. Hence if Mobil's records are maintained in a form which "enable[s] the district director to ascertain whether liability for tax is incurred and, if so, the amount thereof," 26 C.F.R. § 31.6001–1(a), Mobil cannot be required to create new records or to alter the form of existing records to suit the government's convenience.[3]

It may be argued that the Secretary's statutory authority to require recordkeeping by notice enables him to require the generation of records in a form he deems sufficient. There can be little doubt of the Secretary's authority to require a taxpayer, on a prospective basis, to maintain annualized records, and perhaps even to maintain records in the form of magnetic tape, if he (subject to whatever the appropriate standard of judicial review may be) deems such records necessary to show the extent of the taxpayer's liability.[4] The government does not claim, however, that it issued such a notice prior to the tax years in question here. While the request for inspection on which this lawsuit is based might be construed as a notice of required recordkeeping under the statute, it would be unreasonable

to view the Secretary's notice authority as enabling him to demand the *post hoc* generation of records not otherwise required to be maintained or the manipulation of data in existing records. Such an interpretation would strain the wording of the statute, which speaks in terms of the "keeping" of records,[5] and would allow the Secretary to require an employer to do that which the government could with equal ease do for itself. *Cf. Conway Import Co. v. United States*, 311 F.Supp. 5, 10–15 (E.D.N.Y.1969) (Commissioner prevented from applying retroactively a ruling increasing recordkeeping requirements).

## II. Scope of Discovery

■ There are no reported cases dealing with the scope of discovery in a § 6001 injunction action. Mobil, citing *United States v. Humble Oil & Refining Co.*, 488 F.2d 953 (5th Cir. 1974), *vacated mem.*, 421 U.S. 943, 95 S.Ct. 1670, 44 L.Ed.2d 97, *original opinion adhered to*, 518 F.2d 747 (5th Cir. 1975), seeks to analogize this case to a subpoena enforcement action under I.R.C. § 7602. Based on that analogy, it argues that it is entitled to discovery to determine whether the IRS demand for inspection was issued pursuant to an investigation of specific taxpayers or as part of a general research project.

In *Humble Oil, supra*, the IRS issued an administrative subpoena under § 7602 directed to Humble, seeking information concerning oil leases between Humble and certain unidentified lessors. The IRS investi-

---

ed in J. Mertens, *The Law of Federal Income Taxation, 1954 -57 Rulings* M.A.–25 (1958).

**3.** The court expresses no opinion at this stage as to whether an employer may be required to make available existing records in a particular format (*e. g.*, magnetic tape) when other records which meet the requirements of the regulation are made available.

**4.** Note, however, that while the first sentence of § 6001 refers to persons liable for tax *or for the collection thereof*, the second sentence refers to records which show the tax liability *vel non of the person to whom notice is directed.* Hence, although the Secretary may by regulation require an employer to maintain records of

its employees' income tax withholding, it is arguable that he may not do so through the notice mechanism.

**5.** The statute also refers to the "rendering of statements." This language may authorize the Secretary to require a limited assembling of data for the purpose of preparing a report, which in one sense would constitute generation of records. To characterize the production of magnetic tapes as sought here as the rendering of a statement would so broaden the record-keeping–on–notice provision of § 6001 as to render superfluous the administrative subpoena process of I.R.C. § 7062, discussed further *infra.*

gation was not directed at specific taxpayers, but was part of a research project designed to measure noncompliance with oil depletion restoration requirements. The district court denied enforcement, and, "[b]ecause enforcement of the summons would result in an unprecedented expansion of the IRS summons power," 488 F.2d at 954, the court of appeals affirmed. The latter court noted the Supreme Court's decision in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), that, while probable cause is not required for an IRS summons, the IRS

> must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

379 U.S. at 57–58, 85 S.Ct. at 255. It held, however, that the *Powell* criteria are not the sole measure of the prerequisites to an IRS summons. In particular, it distinguished between an investigation focused on the tax liability of a particular taxpayer or taxpayers, as to which a summons is authorized, and a general research project directed toward the gathering of background information, as to which a summons is impermissible. *See United States v. Humble Oil & Refining Co.*, 346 F.Supp. 944 (S.D.Tex.1972), aff'd, 488 F.2d 953 (5th Cir. 1974), vacated mem., 421 U.S. 943, 95 S.Ct. 1670, 44 L.Ed.2d 97, *original opinion adhered to*, 518 F.2d 747 (5th Cir. 1975).

Under *Humble Oil* and *Powell*, the defendant in a § 7602 action is entitled to discovery to determine if the purpose of the investigation is permissible under those cases. *See United States v. Roundtree*, 420 F.2d 845, 851–52 (5th Cir. 1969) (discovery available to ascertain whether purpose of subpoena is to aid criminal prosecution). The result under § 7602 is, however, not dispositive of the discovery question under

§ 6001. Differences in the level of intrusion on the privacy of the requested party between these two investigatory devices may lead to the conclusion that different prerequisites are applicable to each. *Cf. State Fair of Texas v. United States Consumer Products Safety Commission*, 481 F.Supp. 1070, 1074–76 (N.D.Tex.1979), *appeal docketed*, No. 80–1006 (5th Cir. Jan. 2, 1980) (difference between administrative inspection warrant and other investigatory tools of CPSC).

The government's remedies under § 6001 and § 7602 differ in three important respects. First, the targets of a § 6001 action are more limited than those under § 7602. Section 6001 is directed against those persons who are liable for payment or collection of a tax.[6] Section 7602(2), on the other hand, extends to "any person having possession, custody, or care" of records "or any other person the Secretary or his delegate may deem proper." *See United States v. Cecil E. Lucas General Contractor, Inc.*, 406 F.Supp. 1267, 1276–77 (D.S.C.1975); *In re Burr*, 171 F.Supp. 448, 450 (S.D.N.Y.1959); *Stone v. Frandle*, 89 F.Supp. 222, 224 (D.Minn.1950).

Second, the types of information obtainable under the two statutes are different. Section 6001 is limited to documents required by regulation or prior notice to be maintained. Section 7602 contains no such limitation: it covers all "books, papers, records, or other data" which "may be relevant or material" to an IRS inquiry conducted for one or more of several stated purposes.

Finally, there is a difference in the discovery tools available under the two sections. While § 6001 by its terms requires only the maintenance of records, 26 C.F.R. § 31.6001–1(e)(i) requires that the records "at all times be available for inspection" by internal revenue officers. Under § 7602, on the other hand, the Secretary, in addition to examining the documents in question, may summon an individual to give testimony under oath.

---

**6.** While the second sentence of § 6001 authorizes the Secretary to require "any person" to keep records, the only records required to be kept are those showing the liability of such person for tax. Thus a limitation to taxpayers (and arguably collectors of tax) is implicit in the second sentence.

It is the sweeping and intrusive powers of the IRS under § 7602 that underpin the judicially imposed restriction that the IRS not only meet the *Powell* criteria but that it exercise its powers only pursuant to an investigation with a well–defined object and concrete boundaries. The fact that § 6001 is more limited as to parties, subject matter, and means suggests that the need for protection of requested parties is less than in the § 7602 situation. Since the IRS may not under § 6001 pursue entities removed from the tax collection and payment process, since the only records covered by that section are those the employer is required to maintain, and since no physical presence for oral testimony may be required, the risk of intrusion into the privacy of the employer or its employees is minimized. Records maintained by an employer for tax purposes will more likely be readily accessible than general business records, thus also reducing inconvenience and expense. In sum, the disruptive potential of a § 6001 inspection is sufficiently attenuated that no preliminary inquiry into the purposes of the IRS request is necessary.

The existing subpoena *duces tecum* is not tailored to the remaining issues in the case, and is therefore QUASHED. Discovery (by both sides) will be permitted to determine:

1. The existence, content (by categories), and format of Mobil payroll records, both annual and for individual payroll periods.

2. The form of records which is necessary to enable the IRS to carry out the function described in 26 C.F.R. § 31.6001–1(a).

A final word of caution is in order. This order narrowly circumscribes the scope of future discovery, an inevitable *quid pro quo* for the government's decision to proceed under § 6001 rather than § 7602. That decision is legitimate, and if the circumstances warrant, the government is entitled to an injunction. *United States v. Ohio Bell Telephone Co.*, 475 F.Supp. 697 (N.D. Ohio 1978). Proceeding under § 6001, however, carries burdens as well as benefits: if the information sought is not available un-der that section, relief must be denied even if the information could have been obtained through the administrative subpoena route of § 7602. The government, having foregone the formality of a subpoena, and having achieved a limitation on discovery founded upon the narrower scope of § 6001, cannot now argue that § 6001 should be treated *in pari materia* with § 7602. Section 6001 is a narrow road; once the journey down that road is begun, there is no easy detour to the road of § 7602; the government must instead retrace its steps and begin anew, for the § 7602 route has discovery tolls due at the outset.