UNITED STATES of America and Andrew Rosenblatt, Revenue Agent, Internal Revenue Service, Petitioners,

v.

ISLAND TRADE EXCHANGE, INC. and Mark Goldston, President of Island Trade Exchange, Inc., Respondents.

No. 82 Civ. 611.

United States District Court,
E. D. New York.

March 3, 1982.

Steven Toscher, Tax Div., U. S. Dept. of Justice, Washington, D. C., for petitioners.

Richard S. Kestenbaum, Great Neck, N.Y., for respondents.

McLAUGHLIN, District Judge.

This is an Internal Revenue Service ("IRS") summons enforcement proceeding brought pursuant to 26 U.S.C. § 7604(a).

## BACKGROUND

The IRS is conducting an investigation into the tax liability of certain unknown members of Island Trade Exchange, Inc. (the "Exchange"), a bartering exchange. It alleges that these members have omitted altogether or, at least, improperly reported income from their bartering transactions.[1]

In April 1981, the IRS filed a petition for leave to serve a third party John Doe summons pursuant to sections 7609(f)[2] and (h)[3] of the Internal Revenue Code of 1954. 26 U.S.C. § 7609. Based upon this petition and a supporting affidavit, on April 7, 1981, Judge Thomas C. Platt of this Court determined, ex parte, that the statutory requirements of section 7609(f) had been met and he entered an order allowing the IRS to serve a John Doe summons on the respondents.[4]

The summons was served, but the respondents have failed to comply. Accordingly, on December 3, 1981, the IRS filed an order to show cause why the summons should not be enforced. The respondents appeared and strenuously opposed the summons on the grounds that the IRS failed to meet its burden under section 7609(f) and that the summons was an improper research tool. The IRS countered that the Court had no power to review Judge Platt's ex parte

1. Rev.Ruling 80–52, 1980–1 Cum.Bull. 100 provides that members of bartering organizations must include in their gross income the value of any trade credits received during the taxable year. In a bartering exchange, one member may provide goods or services worth $200, for example, to another member. He then would receive 200 trade credits which can be used to acquire goods or services from other members. The IRS takes the position that the 200 credits are $200 gross income to the member in the tax year in which the units were credited to his account.

2. Section 7609(f) provides:

Any summons described in subsection (c) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

3. Section 7609(h) provides:

(1) The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine proceedings brought under subsections (f) or (g). The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely upon the petition and supporting affidavits. An order denying the petition shall be deemed a final order which may be appealed.

(2) Except as to cases the court considers of greater importance, a proceeding brought for the enforcement of any summons, or a proceeding under this section, and appeals, take precedence on the docket over all cases and shall be assigned for hearing and decided at the earliest practicable date.

4. The summons seeks "[a]ll books, records, papers and other data which reflect the names, addresses, social security numbers, and total amount of trading credits transacted by any and all members of Island Trade Exchange, Inc. who had annual trading transactions of over 5000 trade credits ($2,500.00) for the years 1978 or 1979."

order, and, even if it did, that the IRS had satisfied the statutory requirements.

Briefs have been filed by the parties on both issues, as requested by the Court. In addition the IRS has submitted a Supplemental Affidavit, without obtaining the Court's permission. Respondents vehemently object to its consideration by the Court.

DISCUSSION

Three issues are involved in this proceeding: (1) whether this Court in an enforcement proceeding has the power to review Judge Platt's ex parte order; if it does (2) whether the Court may consider the Supplemental Affidavit filed by the IRS; and (3) whether the IRS has met its statutory burden under section 7609(f).

1. *The Court's Power to Review the Ex Parte Order.*

The Supreme Court has stated in no uncertain terms that any person summoned "may challenge the summons on any appropriate ground." *United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). Indeed, a summoned party is entitled to a "full opportunity for judicial review before any coercive sanctions may be imposed." *Reisman v. Caplin,* 375 U.S. 440, 450, 84 S.Ct. 508, 514, 11 L.Ed.2d 459 (1964). Nevertheless, the IRS seeks to deny that right to the recipients of a John Doe summons.

Although it pays lip service to it, the IRS apparently ignores the dictates of *United States v. Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–255, which sets forth the standards for enforcement of an IRS summons. To obtain enforcement, the IRS must show four things: (1) that the summons was issued for a legitimate purpose: (2) that the summoned data are relevant to that purpose; (3) that the data are not already in the government's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *Id.*

Thus, even if we accept the IRS argument that the Court cannot review the District Court's ex parte finding that the statutory criteria under section 7609(f) have been met, the IRS has made only the fourth showing that "the administrative steps required" for issuance and service of a section 7609(f) summons have been followed. A John Doe respondent is still free to challenge the IRS' showing on any of the other three grounds. The Exchange has done just that here, arguing that the summons was issued for an improper purpose, that is, as a research tool. The Court certainly has the power to review that claim.

There is nothing in section 7609(f), nor its legislative history, to suggest that the Court's power in an enforcement proceeding is limited in any way. Indeed, section 7609(b) clearly contemplates enforcement proceedings. It provides a right to intervention "in any proceeding with respect to the enforcement of [a section 7609 summons] under section 7604." So does section 7609(h)(2) which provides that "a proceeding brought foɪ the enforcement of any summons" under the section is to "take precedence on the docket."

The Staff of the Joint Committee on Taxation responsible for drafting section 7609 explained that Congress intended that a third-party record keeper, like the respondents here, would have standing to assert "defenses to enforcement which witnesses are traditionally allowed to claim." Explanation of the Tax Reform Act of 1976 at 366–67. *See also* S.Rep.No.94–938 at 368–69, 94th Cong., 2d Sess. (1976), U.S.Code Cong. & Admin.News 1976, p. 2897. As a leading text observes, the "third-party recordkeeper has the right, as under prior law, to assert such defenses as may be available to it." J. Mertens, 8A The Law of Federal Income Taxation § 47.41(c) at 229 (1978).

The root error in the IRS argument is its failure to distinguish between the right to *issue* a John Doe summons and the right to *enforce* it. As the Third Circuit noted in *United States v. Pittsburgh Trade Exchange, Inc.,* 644 F.2d 302, 305 (3d Cir. 1981), the " 'determination required to be made under [section 7609(f)]' is only that: a

determination that a summons may issue, not that it should be enforced." *Id.* at 305. I find, therefore, that respondents are free to challenge the IRS showing that the statutory requirements of section 7609(f) have been met in order to rebut the IRS' showing that the required administrative steps have been followed. *United States v. Powell*, 379 U.S. at 58, 85 S.Ct. at 255. *See United States v. Pittsburgh Trade Exchange, Inc.*, 644 F.2d at 304–05. Other courts considering this question have agreed. *See United States v. Brigham Young University*, 485 F.Supp. 534, 537 (D.C.Utah 1980), *appeal pending*, (No. 80–1058 10th Cir.); *United States v. Maxwell*, 81–1 U.S.T.C. ¶ 9378 (D.C.Nev.1981). *But see United States v. Hays*, 81–2 U.S.T.C. ¶ 9627 (N.D.Ga.1981); *In the Matter of Purchasers of Master Recordings from Bowman Recording & Prod. Co.*, 45 A.F.T.R.2d 80–1553 (N.D.Ga.1980).

### 2. *The IRS Supplemental Affidavit.*

■ This enforcement proceeding was brought on at the IRS' behest by an Order to Show Cause, dated December 3, 1981. The Order required the IRS to serve its petition for enforcement, along with supporting exhibits and affidavits, and directed respondents to file its responsive papers thereto prior to the hearing. The Order clearly contemplated that only those papers would be considered by the Court.

At the hearing on December 23, 1981, the IRS was granted permission to file a Memorandum of Law on the issue of whether the Court had jurisdiction to review Judge Platt's Order permitting the issuance of the summons, as well as whether the IRS had met its burden under section 7609(f). It was not granted leave to file a Supplemental Affidavit. I therefore will not consider the Supplemental Affidavit or any references made to it in the IRS' Memorandum of Law.[5]

### 3. *The Sufficiency of the IRS' Showing Under Section 7609(f).*

■ The respondents agree that the IRS does not have a reasonable basis for believing that members of the Exchange are failing to properly report their income. § 7609(f)(2). However, in another case involving a bartering exchange, remarkably similar to the case here, the Third Circuit held that enforcement of an IRS summons was proper. In *United States v. Pittsburgh Trade Exchange, Inc.*, 644 F.2d 302 (3d Cir. 1981), the respondents argued that the IRS failed to show that it had a "reasonable basis for believing" that members of the exchange were not complying with the internal revenue laws.[6] § 7609(f)(2). Based principally on an IRS Agent's testimony that barter transactions are "inherently susceptible to tax error since no cash is involved," the Court held that the IRS had shown a reasonable basis for believing that exchange members failed to comply with the tax laws. 644 F.2d at 306.

In this case, the affidavit of IRS Agent Rosenblatt filed in the ex parte hearing

---

**5.** The cases cited by the IRS, all of which involved a claim of bad faith raised by a respondent, to justify consideration of the Supplemental Affidavit are inapposite. In *United States v. Morgan Guaranty Trust Co.*, 572 F.2d 36, 38 (2d Cir. 1978), the Circuit apparently considered a supplemental affidavit filed by the IRS. However, its purpose was to rebut facts alleged by the respondent on a new issue raised by the respondent. It did not appear to provide additional evidence on an issue already before the Court, like the section 7609(f) issues now before the Court. In *United States v. Chase Manhattan Bank*, 598 F.2d 321, 327 (2d Cir. 1979), and *United States v. Marine Midland Bank of New York*, 585 F.2d 36, 38 (2d Cir. 1978), the Circuit Court held that a *respondent* was entitled to discovery from the IRS on *new* issues, such as IRS bad faith, that it raised as a defense in an enforcement proceeding. The Court said nothing in either case about the use of Supplemental Affidavits to provide *additional* evidence on an issue already before the Court.

**6.** At oral argument before me on December 23, 1981, the respondents conceded that the summons related to the investigation of an ascertainable group or class of persons. *See* § 7609(f)(1). They also have not pressed their objection that the information was "readily available from other sources." *See* § 7609(f)(3). In any event, a review of the record establishes that the IRS has satisfied its burden under those sections.

before Judge Platt establishes that (1) prior examinations of bartering exchanges and their members by the Internal Revenue Service revealed high levels of omitted or improperly reported income (Rosenblatt Affidavit, ¶ 9–14); and (2) the "unique and nontraditional features of bartering transactions" cause taxpayers to omit or improperly report income. Rosenblatt Affidavit, ¶ 14.

I may not "ignore the considerable expertise that [Agent Rosenblatt] gained from [his] special training and experience." *United States v. Mendenhall*, 446 U.S. 544, 565–66, 100 S.Ct. 1870, 1882–83, 64 L.Ed.2d 497 (1980) (Powell, Jr., concurring). Accordingly, I find that the IRS has demonstrated a "reasonable basis" for believing that unknown members of the Exchange have violated the tax laws. *United States v. Pittsburgh Trade Exchange, Inc.*, 644 F.2d 302, 306 (3d Cir. 1981); *United States v. Maxwell*, 81–1 U.S.T.C. ¶ 9378 at 87,028–29 (D.Nev.1981). *But see In the Matter of the Tax Liability of John Does, Members of the Columbus Trade Exchange*, No. C–2–80–410 (S.D.Ohio June 17, 1980); *United States v. Brigham Young University*, 485 F.Supp. 534 (D.Utah 1980), *appeal pending*, No. 80–1058 (10th Cir.).

### 4. *The Purpose of the Summons.*

▮ Respondents argue that this summons was issued for an improper purpose, that is, as an information gathering or research project. *See United States v. Humble Oil & Refining Co.*, 488 F.2d 953, 962–63 (5th Cir. 1974), *vacated and remanded*, 421 U.S. 943 (1975), *aff'd per curiam*, 518 F.2d 747 (5th Cir. 1975). They concede, however, that the summons is directed at an ascertainable group of persons.

The Fifth Circuit has succinctly ruled on the standard to be applied in these circumstances:

> A section 7602 summons may be issued to gain data that will subsequently be used for research purposes, where the summons is also issued for a purpose authorized by the statute. . . .

*United States v. First Nat'l State Bank in Dallas*, 635 F.2d 391, 396 (5th Cir. 1981). In this case, the respondents have effectively conceded that the summons was issued for the proper purpose of investigating an ascertainable group—the members of the Exchange. Based on this, and the facts alleged in the Rosenblatt Affidavit, I find that the IRS is engaged in an actual investigation and that the summons was issued for a proper purpose. That the IRS may also use data disclosed for research or informational purposes is no reason to refuse to enforce this summons. *See United States v. Pittsburgh Trade Exchange, Inc.*, 644 F.2d at 307–08; *United States v. First Nat'l State Bank of Dallas*, 635 F.2d at 394–96.

For all of the above reasons, I find that the IRS has met its burden under *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Accordingly, the summons will be enforced.

SO ORDERED.